BOWEN, Judge.
Bobby Earl Dansby, the appellant, pleaded guilty and was convicted of the unlawful distribution of marijuana in CC-89-124. He was sentenced to 20 years’ imprisonment. On this appeal, he contends that this conviction is barred by principles of double jeopardy.
A guilty plea does not necessarily waive the right to claim a violation of the guarantee against double jeopardy. Ricketts v. Adamson, 483 U.S. 1, 107 S.Ct. 2680, 97 L.Ed.2d 1 (1987). “[A] plea of guilty to a charge does not waive a claim that — judged on its face — the charge is one which the State may not constitutionally prosecute.” Menna v. New York, 423 U.S. 61, 62 n. 2, 96 S.Ct. 241, 242 n. 2, 46 L.Ed.2d 195 (1975).
The facts are that the appellant sold controlled substances to an undercover police officer on five separate occasions. The dates of those sales, the controlled substances involved, and the circuit court case numbers are:
1. December 1, 1988 — marijuana—CC-89-0124.
2. December 9, 1988 — cocaine—CC-89-038 or -039.
3. December 15, 1988 — marijuana—CC-89-037.
*911 4. December 17, 1988 — cocaine—CC-89-038 or -039.
5. December 20, 1988 — cocaine—CC-89-040.
The appellant was also indicted for violating the Steve Hettinger Drug Enforcement Act (Ala.Code 1975, § 40-17A-9) in CC-89-041.
This appeal is from case number CC-89-124. Case numbers CC-89-037, - 038, -039, -040, -041, and -124 were ordered consolidated for trial. Despite the order of consolidation and contrary to the appellant’s argument, the appellant was only tried on case numbers -037, -038, - 039, and -040 on December 18, 1989, although evidence of case number -124 was introduced at that trial in order to show a common plan to commit the charged offenses. Case number -124 was not submitted to the jury and the trial judge specifically limited the consideration the jury was to give to this “other offense” evidence. The convictions in case numbers - 037, -038, -039, and -040 are on appeal to this Court in CR-89-460. This court takes judicial notice of that record.
“[T]he double jeopardy clause does not preclude the government from relying on the same evidence to prove successively charged offenses. It only operates as a bar to proof of the same conduct and then, only in certain circumstances.” United States v. Pungitore, 910 F.2d 1084, 1107 n. 21 (3d Cir.1990), cert. denied as to this issue, Scarfo v. United States, — U.S. -, 111 S.Ct. 2009, 114 L.Ed.2d 98 (1991).
“[T]he Double Jeopardy Clause bars any subsequent prosecution in which the government, to establish an essential element of an offense charged in that prosecution, will prove conduct that constitutes an offense for which the defendant has already been prosecuted. This is not an ‘actual evidence' or ‘same evidence’ test. The critical inquiry is what conduct the State will prove, not the evidence the State will use to prove that conduct. As we have held, the presentation of specific evidence in one trial does not forever prevent the government from introducing that same evidence in a subsequent proceeding.”
Grady v. Corbin, 495 U.S. 508, 521-22, 110 S.Ct. 2084, 2093, 109 L.Ed.2d 548 (1990) (footnote omitted). See also Dowling v. United States, 493 U.S. 342, 110 S.Ct. 668, 107 L.Ed.2d 708 (1990). “ ‘[Djouble jeopardy is not violated merely because the same evidence is relevant to show both crimes.’ ” Morris v. State, 465 So.2d 1173, 1177 (Ala.Cr.App.1984), reversed on other grounds, 465 So.2d 1180 (Ala.1985).
The judgment of the circuit court is affirmed.
AFFIRMED.
All Judges concur.