MENNA *v.* NEW YORK

No. 75–5401.   Decided November 17, 1975

PER CURIAM.

On November 7, 1968, after having been granted immunity, petitioner refused to answer questions put to him before a duly convened Kings County, N. Y., grand jury which was investigating a murder conspiracy. On March 18, 1969, petitioner refused to obey a court order to return to testify before the same grand jury in connection with the same investigation. On that date, petitioner was adjudicated in contempt of court under N. Y. Jud. Law § 750 (1968) for his failure to testify before the grand jury; and, on March 21, 1969, after declining an offer to purge his contempt, petitioner was sentenced to a flat 30-day term in civil jail. Petitioner served his sentence.

On June 10, 1970, petitioner was indicted for his refusal to answer questions before the grand jury on November 7, 1968. After asserting unsuccessfully that this indictment should be dismissed under the Double Jeopardy Clause of the Fifth Amendment to the United States Constitution, petitioner pleaded guilty to the indictment and was sentenced on his plea.

Petitioner appealed, claiming that the Double Jeopardy Clause precluded the State from haling·him into court on the charge to which he had pleaded guilty.[1] The New York Court of Appeals affirmed the conviction, declining to address the double jeopardy claim on the merits. It held, relying, *inter alia,* on *Tollett* v. *Henderson,* 411 U. S. 258 (1973), that the double jeopardy claim had been "waived" by petitioner's counseled plea of guilty.

We reverse. Where the State is precluded by the United States Constitution from haling a defendant into court on a charge, federal law requires that a conviction on that charge be set aside even if the conviction was entered pursuant to a counseled plea of guilty. *Blackledge* v. *Perry,* 417 U. S. 21, 30 (1974).[2] The motion

---

[1] The State concedes that petitioner's double jeopardy claim is a strong one on the merits. In light of the flat 30-day sentence imposed, the earlier contempt adjudication was a criminal conviction, *People* v. *Colombo,* 31 N. Y. 2d 947, 293 N. E. 2d 247 (1972), on remand from *Colombo* v. *New York,* 405 U. S. 9 (1972), and New York law supports the proposition that the earlier conviction was based, at least in part, on the failure to answer questions on November 7, 1968, and was thus for the same crime as the one charged in the instant indictment. *In re Capio* v. *Justices of the Supreme Court,* 41 App. Div. 2d 235, 342 N. Y. S. 2d 100 (1973), aff'd, 34 N. Y. 2d 603, 310 N. E. 2d 547 (1974); *People* v. *Matra,* 42 App. Div. 2d 865, 346 N. Y. S. 2d 872 (1973).

[2] Neither *Tollett* v. *Henderson,* 411 U. S. 258 (1973), nor our earlier cases on which it relied, *e. g., Brady* v. *United States,* 397 U. S. 742 (1970), and *McMann* v. *Richardson,* 397 U. S. 759 (1970), stand for the proposition that counseled guilty pleas inevitably "waive" all antecedent constitutional violations. If they did so hold, the New York Court of Appeals might be correct. However, in *Tollett* we emphasized that waiver was not the basic ingredient of this line of cases, 411 U. S., at 266. The point of these cases is that a counseled plea of guilty is an admission of factual guilt so reliable that, where voluntary and intelligent, it *quite validly* removes the issue of factual guilt from the case. In most cases, factual guilt is

for leave to proceed *in forma pauperis* and the petition for certiorari are granted, and the case is remanded to the New York Court of Appeals for a determination of petitioner's double jeopardy claim on the merits, a claim on which we express no view.

*So ordered.*

MR. JUSTICE BRENNAN agrees that "[w]here the State is precluded by the United States Constitution from haling a defendant into court on a charge, federal law requires that a conviction on that charge be set aside even if the conviction was entered pursuant to a counseled plea of guilty," *ante,* at 62, but on his view that the Double Jeopardy Clause bars the prosecution from mounting successive prosecutions for offenses growing out of the same criminal transaction, he believes that the proper disposition of the case is not a remand but outright reversal. See *Ashe* v. *Swenson,* 397 U. S. 436, 453–454 (1970) (BRENNAN, J., concurring).

THE CHIEF JUSTICE and MR. JUSTICE REHNQUIST would grant the petition for a writ of certiorari and set the case for oral argument.

---

a sufficient basis for the State's imposition of punishment. A guilty plea, therefore, simply renders irrelevant those constitutional violations not logically inconsistent with the valid establishment of factual guilt and which do not stand in the way of conviction, if factual guilt is validly established. Here, however, the claim is that the State may not convict petitioner no matter how validly his factual guilt is established. The guilty plea, therefore, does not bar the claim.

We do not hold that a double jeopardy claim may never be waived. We simply hold that a plea of guilty to a charge does not waive a claim that—judged on its face—the charge is one which the State may not constitutionally prosecute.