■ RUSTON PAVING COMPANY, INC., Appellant, v JAMES V. SPANO, INC., Respondent-Appellant and JOHN B. TARDIBONE et al., Respondents. (Action No. 1.) SENECA STONE CORPORATION, Appellant, v RUSTON PAVING COMPANY, INC., Respondent. (Action No. 2.)—Appeal by Seneca Stone Corporation from so much of the order relating to contract price unanimously dismissed as moot and order otherwise affirmed all without costs, in accordance with the following memorandum: With respect to action No. 2, the parties have stipulated that the reasonable value of the materials supplied by Seneca Stone Corporation (Seneca) was $27,445. Seneca acknowledges that, during the pendency of this appeal, it received payment in that amount from Ruston Paving Company, Inc. Accordingly, Seneca's appeal with respect to this issue is dismissed as moot. (Appeal from order of Supreme Court, Seneca County, DePasquale, J.—finance charges.) Present—Dillon, P. J., Denman, Green, Balio and Davis, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES FIDA, Appellant.—Judgment unanimously affirmed. Memorandum: Defendant argues on appeal that the indictment should be dismissed on double jeopardy grounds because of prosecutorial overreaching, relying on *Matter of Potenza v Kane* (79 AD2d 467, *lv denied* 53 NY2d 606). Defendant had moved for mistrials in each of two prior trials; both motions were granted. After his motion to dismiss on double jeopardy grounds was denied and as jury selection was about to begin for the third time, he pleaded guilty. The record fails to show that either mistrial was the result of prosecutorial overreaching. There is no constitutional reason why this charge against this defendant could not have been prosecuted the third time *(cf., Menna v New York,* 423 US 61).

We have examined defendant's remaining contention on appeal and find it lacking in merit. (Appeal from judgment of Onondaga County Court, Mulroy, J.—criminal sale of controlled substance, first degree.) Present—Callahan, J. P., Doerr, Boomer, Pine and Lawton, JJ.