980 F.2d 740
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
David Ernie SAMS, Defendant-Appellant.
 No. 91-30097.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Nov. 5, 1992.
Decided Nov. 13, 1992.
 
 Before TANG, BRUNETTI and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 David Ernie Sams appeals his conviction by guilty plea for "manufacturing" marijuana, in violation of 21 U.S.C. § 841(b)(1)(c), and the resulting sentence.
 
 I.
 
 3
 Sams argues that the district court violated the First Amendment free exercise and establishment clauses and his equal protection rights when it prohibited Sams from presenting evidence of his religious beliefs and practices as a defense to the marijuana charges. Sams contends that a "cornerstone tenet of his religion is that God has not just condoned but has encouraged Man to grow and use marijuana, or 'herb' as it is referred to in the Bible", citing Genesis 1:29 and 1 Corinthians 10:1.
 
 
 4
 However, "[a]s a general rule, a guilty plea erases claims of constitutional violation arising before the plea."[1] United States v. Montilla, 870 F.2d 549, 552 (9th Cir.1989), am'd on other grounds, 907 F.2d 115 (9th Cir.1990). See Brady v. United States, 397 U.S. 742 (1970); McMann v. Richardson, 397 U.S. 759 (1970); Parker v. North Carolina, 397 U.S. 790 (1970).
 
 
 5
 A narrow exception to this rule is where "the charge is one which the government constitutionally may not prosecute." United States v. Cortez, No. 89-50670, slip op. at 10229 (9th Cir. August 24, 1992), citing Menna v. New York, 423 U.S. 61, 62 (1975) and Blackledge v. Perry, 417 U.S. 21, 30 (1974). These "jurisdictional" exceptions have been limited thus far to claims of prosecutorial vindictiveness, Blackledge, 417 U.S. at 30, of double jeopardy, Menna, 423 U.S. at 62, that a statute is facially unconstitutional, id., or that an indictment failed to state a claim. United States v. Caperell, 938 F.2d 975, 978-79 (9th Cir.1991).
 
 
 6
 The jurisdictional exception is grounded on the fact that the defendant cannot be tried after prevailing on appeal. As stated by the Court in Menna:
 
 
 7
 [A] counseled plea of guilty is an admission of factual guilt so reliable that, where voluntary and intelligent, it quite validly removes the issue of factual guilt from the case. In most cases, factual guilt is a sufficient basis for the State's imposition of punishment. A guilty plea, therefore, simply renders irrelevant those constitutional violations not logically inconsistent with the valid establishment of factual guilt and which do not stand in the way of conviction if factual guilt is validly established. Here, however, the claim is that the State may not convict petitioner no matter how validly his factual guilt is established. The guilty plea, therefore does not bar the claim.
 
 
 8
 Menna, 423 U.S. at 63, n. 2. See generally W. LaFave & J. Israel, Criminal Procedure, § 20.6 at 680 (1984).
 
 
 9
 However, even jurisdictional claims can be foreclosed on appeal if the district court could not determine from the face of the indictment or from the record at the time of accepting the guilty plea that the government lacked the power to bring the indictment. United States v. Broce, 488 U.S. 563 (1989).
 
 
 10
 In this case, Sams claims that the district court erroneously precluded him from presenting a defense based on his religious beliefs about the use of marijuana; Sams did not move to dismiss the indictment. If Sams were to prevail on this appeal, and be entitled to present evidence relating to his religious use of marijuana, the case would have to be remanded for trial. Thus, this constitutional defect, as presented in this case, does not prevent the government from trying Sams for the manufacturing of marijuana. Moreover, the factual validity of his religious defense could not be judged on the face of the indictment or on the record at the time of the entry of his plea of guilty.
 
 
 11
 Sams is thus foreclosed by his guilty plea from challenging his conviction under First Amendment or equal protection-establishment clause grounds.
 
 II.
 
 12
 Sams filed an objection to the presentence report, contending that the presentence report erroneously reported that 961 marijuana plants were found at his residence pursuant to the search warrant.[2] Sams argues on appeal that the district court failed to make any factual findings regarding the number of marijuana plants involved, as required by § 6A1.3 of the Sentencing Guidelines, and Fed.R.Crim.P. 32. A failure to resolve controverted facts in the presentence report requires remand. United States v. Clay, 925 F.2d 299 (9th Cir.1991), overruled on other grounds, Rodriguera v. United States, 954 F.2d 1465, 1469 (9th Cir.1992).
 
 
 13
 However, the defendant withdrew his objections to the presentence report at the sentencing hearing, and the district court accepted the presentence report as written. Sams failed to preserve the objection for appeal.
 
 CONCLUSION
 
 14
 Sams' unconditional plea of guilty waived his right to appeal the district court's exclusion of his defense based on his religious beliefs regarding the use of marijuana. In this case, there is no "jurisdictional" prohibition against trying Sams if he were to prevail on the merits of his appeal, and the district court could not determine the factual validity of the religious defense from the face of the indictment or from the record at the time of accepting the guilty plea.
 
 
 15
 Because Sams withdrew his objections to the presentence report at the sentencing hearing, the district court did not err by accepting the factual findings in the presentence report.
 
 
 16
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Sams did not enter a conditional plea pursuant to Fed.R.Crim.P. 11(a)(2)
 
 
 [2]
 Sams claimed that an unknown number of plants had been harvested and that many of the plants were actually cuttings, and should not be counted as separate plants