53 F.3d 329
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Klyne Milton McMAHAN, Jr., a/k/a John White, a/k/a Mark
West, a/k/a John West, a/k/a Mark Sears, a/k/a Chris Sears,
a/k/a John Mark McQuinn, a/k/a Mark King, a/k/a Mark Kellam,
a/k/a Hughes Davies, a/k/a M.J. Masterson, a/k/a Mark
Gardner, a/k/a Mark McMahan, a/k/a Mac McMahan, a/k/a Belton
McMahan, a/k/a Danny Burns, a/k/a A.G. Ashburn, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
Klyne Milton McMAHAN, Jr., a/k/a John White, a/k/a Mark
West, a/k/a John West, a/k/a Mark Sears, a/k/a Chris Sears,
a/k/a John Mark McQuinn, a/k/a Mark King, a/k/a Mark Kellam,
a/k/a Hughes Davies, a/k/a M.J. Masterson, a/k/a Mark
Gardner, a/k/a Mark McMahan, a/k/a Mac McMahan, a/k/a Belton
McMahan, a/k/a Danny Burns, a/k/a A.G. Ashburn, Defendant-Appellant.
 No. 94-5385.
 No. 94-5090
 United States Court of Appeals, Fourth Circuit.
 Argued Feb. 3, 1995.
Decided May 1, 1995.
 
 Before NIEMEYER, MICHAEL, and MOTZ, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 In 1990, pursuant to a plea agreement, Klyne McMahan pled guilty to a single count for possession of marijuana. After the government concluded that McMahan had breached his plea agreement, he was reindicted for drug conspiracy, money laundering and structuring financial transactions. He again pled guilty and was sentenced to one term of 292 months, nine terms of 240 months, and two terms of 60 months, all to run concurrently. He now appeals (1) the district court's finding that he breached the prior plea agreement and (2) his sentence. Finding no error, we affirm.
 
 I.
 
 2
 McMahan was arrested in December, 1990, after he negotiated to purchase 500 pounds of marijuana from undercover DEA agents. Following McMahan's arrest, the DEA executed ten search warrants on McMahan's properties and seized marijuana, cocaine, drug paraphernalia, and records of numerous drug transactions going back to the early 1980s. On January 31, 1991, McMahan pled guilty to a single count of attempted possession of marijuana with intent to distribute. Under the plea agreement, the government promised to dismiss the other counts against McMahan and not to prosecute McMahan further for any non-violent crimes of which the government was aware. In return, McMahan promised to cooperate with the government by disclosing any information he had about his co-conspirators and identifying any assets that might be subject to forfeiture.
 
 
 3
 During the months following McMahan's plea and prior to his sentencing on the one marijuana count, the DEA and IRS debriefed McMahan several times. At those debriefings the DEA did not disclose to McMahan the records that had been seized. McMahan provided some information regarding his suppliers and customers and identified some properties which he knew had been purchased with drug proceeds. The government believed, however, that McMahan did not reveal all he knew. In particular, the government was convinced that he failed to disclose all of the property that he owned.
 
 
 4
 On May 29, 1991, McMahan was sentenced to 60 months imprisonment on the marijuana count. At the sentencing proceedings the government argued that McMahan had obstructed justice by concealing his ownership of certain properties at an IRS debriefing. However, the government's witness, Special Agent McGoldrick, had not been present at the IRS debriefing and could not present sufficient evidence to back up the government's allegations. Therefore, the district court did not enhance McMahan's sentence for obstruction of justice.
 
 
 5
 The DEA continued to debrief McMahan after he had begun to serve his sentence. At McMahan's final debriefing in May, 1992, the DEA questioned McMahan as to the involvement of "Joey" (Allie Tanguay), "Navy" (Fred West), and "Al" (Althea West) in his drug business. McMahan's records listed these code names as members of his organization. McMahan nonetheless denied that any of these individuals had been involved in criminal activity. The government declared that McMahan had breached his plea agreement and reindicted him. The superseding indictment charged McMahan with, among others, one count of drug conspiracy and multiple counts of money laundering and structuring transactions. In addition, the indictment included one count for forfeiture of property.
 
 
 6
 On August 25, 1993, the district court held a hearing to determine whether McMahan had breached his plea agreement and whether the government could proceed with the reinstated charges. Special Agent McGoldrick testified that McMahan's financial records showed transactions with "Joey," "Navy," and "Al," but that McMahan had denied these individuals' involvement with any criminal activities. Fred West ("Navy") also testified that he and "Joey" had helped McMahan distribute marijuana. The district court concluded that McMahan had been dishonest with the government and therefore had breached his plea agreement.
 
 
 7
 Following the hearing McMahan began plea negotiations with the government and ultimately pled guilty unconditionally to the counts in the new indictment. The court held a sentencing hearing on January 21, 1994. This time, the court enhanced McMahan's sentence for obstruction of justice and denied a downward adjustment for acceptance of responsibility. McMahan was sentenced to 292 months on the drug conspiracy, 60 months on the money laundering conspiracy, 240 months on the individual money laundering counts, and 60 months on the structuring count, all to run concurrently. McMahan now appeals his conviction and sentence.
 
 II.
 A.
 
 8
 McMahan first claims that the evidence was insufficient to support the district court's finding that he breached his first plea agreement.[1] The government introduced two categories of evidence at the August, 1993, hearing. First, Special Agent McGoldrick testified that McMahan had failed to reveal his ownership of certain properties that he had allegedly purchased with the proceeds of drug sales. Second, McGoldrick and Fred West testified that "Joey," "Navy," and "Al" had been involved in McMahan's drug activities and that McMahan had concealed this involvement.
 
 
 9
 McMahan claims that the district court erred in considering McMahan's failure to disclose assets at the breach hearing. Because the district court had previously found this evidence insufficient to support an enhancement of McMahan's prior sentence for obstruction of justice, McMahan argues, the government was barred by collateral estoppel from attempting to use the same evidence to demonstrate a breach of the plea agreement.
 
 
 10
 Collateral estoppel may apply in a criminal context when an issue of ultimate fact has been resolved in a defendant's favor by a valid and final judgment. Ashe v. Swenson, 397 U.S. 436, 445 (1970); United States v. Ragins, 840 F.2d 1184, 1193 (4th Cir.1988). We need not decide whether it applies here, however, because the district court did not need to, and in fact did not, consider the evidence about McMahan's disclosure of his assets to find a breach of the plea agreement. The district court explicitly based its finding solely on the evidence that McMahan had concealed the involvement of his associates in his drug business. This failure to make a full and truthful disclosure amounts to a substantial breach of the plea agreement. United States v. Britt, 917 F.2d 353, 359-60 (8th Cir.1990).
 
 B.
 
 11
 McMahan next alleges that the district court erred at sentencing by enhancing his offense level for obstruction of justice under USSG Sec. 3C1.1 and by refusing to reduce his offense level for acceptance of responsibility under USSG Sec. 3E1.1. In reviewing application of the Sentencing Guidelines we must accept the district court's factual findings unless clearly erroneous. United States v. Daughtrey, 874 F.2d 213, 217 (4th Cir.1989).
 
 
 12
 The district court based its enhancement for obstruction of justice on the same failures to disclose information that resulted in the breach of the plea agreement. McMahan argues first that there was not sufficient evidence to show that his failure to disclose was willful rather than simple forgetfulness. However, testimony at sentencing and at the breach hearing showed that "Joey," "Navy," and "Al" were among McMahan's closest associates ("Joey" was McMahan's girlfriend), that McMahan continually denied their involvement in drug activity, and that McMahan refused to identify records in his own handwriting. The district court's conclusion that McMahan willfully concealed information was not clearly erroneous.
 
 
 13
 McMahan also apparently argues that his failure to disclose the activities of his associates should not be used to support an enhancement for obstruction of justice because he was already punished for this failure by being reindicted. He argues that this double penalty is contrary to the intent of the Sentencing Guidelines. This intent, he claims, is demonstrated in Application Note 6 to USSG Sec. 3C1.1, which prohibits an obstruction enhancement when obstruction is itself an element of the underlying crime.
 
 
 14
 However, Application Note 6 merely observes that the base sentences for crimes like contempt and perjury already account for obstruction of justice because it is a necessary element of those crimes. Here, obstruction is not an element of the crimes with which McMahan was charged. The finding that McMahan breached his plea agreement did not criminally sanction him for his misrepresentations; it merely returned him to the situation he would have been in had he not pled guilty. Furthermore, other courts have recognized that conduct resulting in breach of a plea agreement may be used to support an enhancement for obstruction of justice. See United States v. Acuna, 9 F.3d 1442, 1445-46 (9th Cir.1993). We therefore affirm the district court's two-level enhancement for obstruction of justice.
 
 
 15
 The district court's refusal to reduce McMahan's offense level for acceptance of responsibility is likewise reviewable only for clear error. United States v. Jones, 31 F.3d 1304, 1315 (4th Cir.1994). McMahan claims that the following facts warranted a reduction: (1) his apology in open court, (2) his cooperation with the government, (3) his guilty plea, and (4) his post-offense rehabilitative efforts. However, McMahan's misrepresentations at his debriefings are by themselves enough to demonstrate a lack of acceptance of responsibility. See United States v. Melton, 970 F.2d 1328, 1335-36 (4th Cir.1992); USSG Sec. 3E1.1, comment. (n.4) ("Conduct resulting in an enhancement [for obstruction of justice] ordinarily indicates that the defendant has not accepted responsibility for his criminal conduct.") We therefore affirm the district court's denial of a reduction for acceptance of responsibility.[2]
 
 III.
 
 16
 For the foregoing reasons, we affirm the district court's finding that McMahan breached his plea agreement and its application of the sentencing guidelines.
 
 AFFIRMED
 
 
 [1]
 As a threshold issue, the government argues that McMahan waived the right to appeal the finding of breach when he pled guilty without conditions after being reindicted. A guilty plea acts as a complete admission of factual guilt and therefore waives any constitutional violation associated with the determination of guilt. Menna v. New York, 423 U.S. 61, 62 n. 2 (1975). However, it does not waive jurisdictional issues, like double jeopardy, that affect the defendant's "right not to be haled into court at all." Blackledge v. Perry, 417 U.S. 21, 30 (1974); see Menna, 423 U.S. at 62; United States v. Broce, 488 U.S. 563, 574-75 (1989). Because we affirm the district court's finding that McMahan breached his plea agreement, we need not decide whether waiver applies here
 
 
 [2]
 McMahan raises several additional issues in a pro se brief. We grant McMahan's motion to file this brief. However, most of the issues raised in the pro se brief were never raised before the district court, and we find no plain error with regard to those issues. The remaining issues we find to be meritless