62 F.3d 1411
 NOTICE: First Circuit Local Rule 36.2(b)6 states unpublished opinions may be cited only in related cases.
UNITED STATES, Appellee,
v.
Juan Moises PEREZ-MENDEZ, Defendant, Appellant.
 No. 94-2031
 United States Court of Appeals,
First Circuit.
 Aug. 3, 1995
 
 Randy Olen and John M. Cicilline on brief for appellant.
 Sheldon Whitehouse, United States Attorney, Margaret E. Curran and Michael E. Davitt, Assistant United States Attorneys, on brief for appellee.
 Before SELYA, CYR and BOUDIN, Circuit Judge.
 PER CURIAM.
 
 
 1
 Defendant-appellant Juan Moises Perez- Mendez ("Perez") was indicted in the United States District Court for the District of Rhode Island for unlawful reentry into the United States following deportation, in violation of 8 U.S.C. Sec. 1326. Perez moved to dismiss the indictment, collaterally attacking the validity of the deportation order upon which the indictment was based. After a hearing on the motion to dismiss, the district court denied the motion. Perez entered an unconditional guilty plea, failing to reserve the right to appeal from the denial of his motion to dismiss the indictment. He was sentenced to 46 months in prison. He appeals from the denial of his motion to dismiss the indictment and from the sentence. We affirm.
 
 A. Motion to Dismiss Indictment
 
 2
 Perez seeks to appeal from the district court's denial of his motion to dismiss the indictment. He failed, however, to preserve that issue for appellate review when he entered his unconditional guilty plea. Rule 11 of the Federal Rules of Criminal Procedure sets forth the requirements for reserving such issues for appeal:
 
 
 3
 With the approval of the court and the consent of the government, a defendant may enter a conditional plea of guilty or nolo contendere, reserving in writing the right, on appeal from the judgment, to review of the adverse determination of any specified pretrial motion.
 
 
 4
 Fed. R. Crim. P. 11(a)(2). Having failed to comply with those requirements, Perez is precluded from obtaining review of the district court's denial of his motion to dismiss the indictment.
 
 
 5
 This court has held "with monotonous regularity that an unconditional guilty plea effectuates a waiver of any and all independent non-jurisdictional lapses that may have marred the case's progress up to that point, thereby absolving any errors in the trial court's antecedent rulings (other than errors that implicate the court's jurisdiction)." United States v. Cordero, 42 F.3d 697, 699 (1st Cir.1994). There is an exception to this rule for errors that call into question the district court's jurisdiction over the case. See Blackledge v. Perry, 417 U.S. 21, 30-31 (1974) (holding that guilty plea did not foreclose habeas petitioner from attacking his conviction in Superior Court where "the very initiation of the proceedings against him in the Superior Court ... operated to deny him due process of law."); Menna v. New York, 423 U.S. 61, 62-63 (1975) (holding that guilty plea does not waive double jeopardy claim that the state was precluded from hailing him into court on the charge to which he had pleaded guilty).
 
 
 6
 In this case, Perez does not argue that merely by haling him into court on the illegal reentry charge, the district court violated his due process rights. Instead, he contends that the underlying deportation hearing violated the due process clause and that, therefore, a necessary element of the charge against him cannot be satisfied. In United States v. Mendoza-Lopez, 481 U.S. 828, 839 (1987), the Supreme Court established the right of a defendant to collaterally challenge the use of a deportation proceeding as an element of a criminal offense "where the deportation proceeding effectively eliminates the right of the alien to obtain judicial review." Id. By entering an unconditional guilty plea, however, Perez waived the right to challenge the use of the deportation proceeding as an element of the Sec. 1326 charge to which he pleaded guilty.
 
 
 7
 In United States v. Broce, 488 U.S. 563, 569-70 (1989), the Supreme Court clarified that "[a] plea of guilty and the ensuing conviction comprehend all of the factual and legal elements necessary to sustain a binding, final judgment of guilt and a lawful sentence.... A guilty plea 'is more than a confession which admits that the accused did various acts.' It is an 'admission that he committed the crime charged against him.' " (Citations omitted.) Therefore, Perez' guilty plea to the charge of illegal reentry following deportation included an admission to the prior deportation element of the crime. Perez' waiver need not have been conscious to bar his collateral challenge to the deportation. "Waiver in that sense is not required." Id. at 573. Accordingly, Perez has waived his right to appeal from the district court's denial of his motion to dismiss the indictment.[1]
 
 B. Sentencing
 
 8
 Perez attempts to challenge the district court's failure to grant him a downward departure from the guideline sentencing range under the United States Sentencing Guidelines. As this court has often held, "no appeal lies from a discretionary refusal to depart." United States v. Morrison, 46 F.3d 127, 130 (1st Cir.1995). There is appellate jurisdiction, however, "where the decision not to depart is based on the sentencing court's assessment of its lack of authority or power to depart." Id. The statements by the court during Perez' sentencing clearly "reflect[ ] no misapprehension on the part of the district court as to its departure power, but simply its decision not to exercise that power in the present case." Id. at 132. Therefore, we lack jurisdiction to review the departure decision.
 
 
 9
 Perez' conviction and sentence are summarily affirmed. See Loc. R. 27.1.
 
 
 
 [1]
 Were we to consider the merits, we would uphold the district court's denial of Perez' motion to dismiss the indictment