98 F.3d 1348
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Wayman WALKER II, Defendant-Appellant.
 No. 95-17068.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 7, 1996.*
Decided Oct. 11, 1996.
 
 Before: BEEZER, KOZINSKI, and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Federal prisoner Wayman Walker II appeals pro se the district court's denial of his 28 U.S.C. § 2255 motion challenging his guilty plea conviction for conspiracy to manufacture methylendedioxy-methamphetamine (MDMA) on double jeopardy grounds. Walker contends that the district court erred by concluding that his criminal prosecution did not violate the Double Jeopardy Clause, even though the conviction followed the summary administrative forfeiture of his laboratory equipment by the Drug Enforcement Administration. Walker further contends that the forfeiture was punitive because he was denied an opportunity to contest the forfeiture. We review de novo a district court's decision on a section 2255 motion. Sanchez v. United States, 50 F.3d 1448, 1451-52 (9th Cir.1995). We have jurisdiction pursuant to 28 U.S.C. §§ 1291, 2255, and we affirm.
 
 
 3
 Walker is precluded from collaterally attacking his conviction on double jeopardy grounds because the underlying plea was both counseled and voluntary, and no constitutional violation is demonstrated in the indictment or on the face of the existing record. See United States v. Broce, 488 U.S. 564, 574-76 (1988); see also Menna v. New York, 423 U.S. 61, 62 n. 2 (1975) (per curiam) (exception to rule barring collateral attack on a guilty plea applies only where government is precluded from bringing defendant into court on second charge because it is so facially duplicative of the earlier charge); cf. United States v. Petty, 80 F.3d 1384, 1387 (9th Cir.1996) (double jeopardy claim included within the scope of waiver of right to appeal where factual basis for claim existed prior to stipulation).
 
 
 4
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3