On January 1, 1998, at 3:10 p.m., appellant, Harold Parthemer, was issued citations for: failure to yield the right of way when turning left, in violation of R.C. 4511.42; failure to stop after an accident, in violation of R.C. 4549.02; driving while under suspension, in violation of 4507.02; and, driving under the influence of alcohol, in violation of R.C. 4511.19. The citations were issued as a result of an accident that occurred in Warren, Ohio at the intersection of Park Avenue and Reo Boulevard.
On March 5, 1998, the driving under the influence charge, a felony of the fourth degree because appellant had three previous convictions within the last six years, was bound over to the Trumbull County Grand Jury. The other three charges were set for trial in the Warren Municipal Court.
On May 20, 1998, appellant waived his right to consideration by the Grand Jury and entered a plea of guilty in the Trumbull County Court of Common Pleas to a Bill of Information charging him with driving under the influence of alcohol. In his written guilty plea, he agreed that: "Upon conviction, I would have the further right of appeal. However, I waive all those rights, including right to trial by a jury." The court sentenced him to five years of community control sanctions and suspended his operating license for three years. On September 23, 1998, the common pleas court denied appellant's oral motion to dismiss, which alleged a double jeopardy violation.
On June 9, 1998, appellant filed a motion to dismiss the charges being contested in municipal court because he alleged that the trial was prohibited by the Double Jeopardy Clause of theFifth Amendment of the United States Constitution and Article I, Section10 of the Ohio Constitution. Appellant's motion was overruled on July 9, 1998. On August 31, 1998, appellant changed his plea to "no contest" and was found guilty. The trial court: fined him $20 for failure to yield the right of way; fined him $500 and sentenced him to sixty days for leaving the scene of an accident; and sentenced him to six months for driving while under suspension. The sentences were to run concurrently to each other and any sentence imposed by the Court of Common Pleas.
Appellant raises the following assignment of error:
 "The trial court erred to the prejudice of the defendant/appellant in overruling his motion to dismiss this case as the continued prosecution, conviction and sentencing was violative of the state and federal constitutional prohibitions against double jeopardy."
In his assignment of error, appellant asserts that the common pleas court erred by overruling his motion to dismiss in violation of the Double Jeopardy Clause. This appeal only addresses appellant's conviction in the Trumbull County Court of Common Pleas for driving under the influence. Appellant presents the following issue for review:
 "Whether the state is required to prosecute all charges as against a single defendant in one court simultaneously where all said charges arise from the same `criminal transaction' and would require the testimony of the same witnesses, presentation of virtually identical evidence and relitigation of the same factual issues."
As appellee correctly points out, appellant pleaded guilty to driving under the influence. A plea of guilty does not waive appellant's right to challenge his conviction under the Double Jeopardy Clause of the Fifth Amendment. Menna v. New York (1975),423 U.S. 61, 96 S.Ct. 241. Thus, appellant may challenge his convictions on double jeopardy grounds.
The Double Jeopardy Clause of the United States Constitution'sFifth Amendment provides in pertinent part: "* * * nor shall any person be subject for the same offense to be twice put in jeopardy of life or limb * * *." Section 10, Article I of the Ohio Constitution provides: "No person shall be twice put in jeopardy for the same offense."
"[T]he Double Jeopardy Clause precludes successive criminal prosecutions, the proscription is against a second criminal trial
after jeopardy has attached in a first criminal trial." (Emphasis in original.) State v. Gustafson (1996), 76 Ohio St.3d 425,435, 668 N.E.2d 435. According to the decision in Gustafson, jeopardy attaches at different times in different types of proceedings, specifically:
 "Where a criminal defendant has invoked the right to trial by jury, jeopardy does not attach so as to preclude subsequent criminal proceedings until the jury is impaneled and sworn. Similarly, jeopardy does not attach in a criminal bench trial until the court begins to hear evidence. In other situations, jeopardy based on having undergone an initial criminal trial attaches after acquittal or conviction." [Citations omitted].
In the instant case, at the time appellant entered his guilty plea in common pleas court, no jury had been impaneled, no evidence had been presented, and appellant had not been acquitted or convicted in the municipal court. Therefore, at that time, he was only subject to his first criminal trial where jeopardy attached, not a second criminal trial. His double jeopardy rights were not violated by the Trumbull County Court of Common Pleas. Appellant's assignment of error is without merit.
For the foregoing reasons, the judgment of the trial court is affirmed.
 ____________________________ JUDGE ROBERT A. NADER
FORD, P.J., O'NEILL, J., concur.