OPINION
Monica R. Pennington is appealing from her conviction of operating a motor vehicle while under the influence and failure to control.
On appeal, her counsel's brief presents only one assignment of error, which is in reality two assignments as it asserts the trial court's finding of guilt was contrary to both the weight and the sufficiency of the evidence.
After a bench trial, where she was represented by counsel, the acting judge found her guilty. The judge also noted on the jacket of the case that Pennington had changed her plea to guilty.
The evidence in the case is supplied by a statement of evidence signed by the judge pursuant to App.R. 9(C) as a tape recorder which had been turned on during the hearing was discovered later not to have worked at all. We have attached a copy of the entire statement of evidence as Exhibit A to this decision.
Pennington was appropriately fined, her driver's license was suspended for one year, and she was also sentenced to sixty days incarceration, but fifty-five of the days were suspended on the condition of alcohol evaluation and a follow-up procedure. In addition, she was put on probation for six months.
We do not need to reach the merits of the assignments of error because Pennington's plea of guilty operates as a waiver of the claimed errors.
As the Supreme Court stated in Menna v. New York (1975), 423 U.S. 61, at 62-63, fn. 2:
 ". . . a counseled plea of guilty is an admission of factual guilt so reliable that, where voluntary and intelligent, it quite validly removes the issue of factual guilt from the case. In most cases, factual guilt is a sufficient basis for the State's imposition of punishment. A guilty plea, therefore, simply renders irrelevant those constitutional violations not logically inconsistent with the valid establishment of factual guilt and which do not stand in the way of conviction, if factual guilt is validly established."
(Emphasis deleted).
The assignments of error are overruled and the judgment is affirmed.
BROGAN, J. and GRADY, J., concur.