**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

————————

**No. 02-4380**

————————

UNITED STATES OF AMERICA,

                                    Plaintiff - Appellee,

        versus

LEROY J. KELLY,

                                    Defendant - Appellant.

————————

Appeal from the United States District Court for the Western
District of North Carolina, at Charlotte.  Richard L. Voorhees,
District Judge.  (CR-97-333)

————————

Submitted:  June 25, 2004            Decided:  July 27, 2004

————————

Before WILKINSON, MICHAEL, and TRAXLER, Circuit Judges.

————————

Affirmed by unpublished per curiam opinion.

————————

Eric J. Foster, LAW OFFICE OF RICK FOSTER, Asheville, North
Carolina, for Appellant.  Robert J. Conrad, Jr., United States
Attorney, D. Scott Broyles, Assistant United States Attorney,
Charlotte, North Carolina, for Appellee.

————————

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Leroy J. Kelly pled guilty to one count of conspiracy to commit and to attempt to commit armed robbery of several restaurants, supermarkets, and convenience stores, in violation of the Hobbs Act, 18 U.S.C. § 1951 (2000), and two counts of using a firearm during a crime of violence, in violation of 18 U.S.C. § 924(c) (2000). The district court sentenced Kelly to 312 months in prison. Kelly timely appealed, challenging the constitutionality of the Hobbs Act as applied to his case.[*] The Hobbs Act contains a jurisdictional element requiring a case-by-case determination regarding whether the defendant's conduct impacted interstate commerce. This jurisdictional requirement can be established by a minimal effect on interstate commerce. See 18 U.S.C. § 1951(a) (2000); United States v. Williams, 342 F.3d 350, 354 (4th Cir. 2003), cert. denied, 124 S. Ct. 1189 (2004). Our review of the record shows that there was sufficient evidence to establish jurisdiction to prosecute. We find any further challenge to Kelly's conviction under the Hobbs Act is foreclosed by his guilty plea. Menna v. New York, 423 U.S. 61, 62-63 n.2 (1975); Tollett v. Henderson, 411 U.S. 258, 267 (1973). Accordingly, we affirm Kelly's conviction. We dispense with oral argument because the facts and legal contentions are adequately presented in the

---

[*]The court previously dismissed Kelly's appeal as to all other issues.

materials before the court and argument would not aid the decisional process.

AFFIRMED