**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SHAWN LYNN GLOVER, | No. 11-16593 |
| Petitioner - Appellant, | DC No. 2:11 cv-11 JCM |
| v. | |
| DOUG GILLESPIE, | MEMORANDUM[*] |
| Respondent - Appellee, | |
| STEVEN S. OWENS, Chief Deputy DA, | |
| Real-party-in-interest - Appellee. | |

Appeal from the United States District Court
for the District of Nevada
James C. Mahan, District Judge, Presiding

Submitted December 4, 2012[**]
San Francisco, California

Before:    D.W. NELSON, TASHIMA, and MURGUIA, Circuit Judges.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously finds this case suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2)(C).

Petitioner-Appellant Shawn Lynn Glover Jr. appeals the district court's denial of his 28 U.S.C. § 2241 habeas corpus petition. The government moves to dismiss this appeal on the ground that since the district court's denial of the writ, Glover has pleaded guilty to the charged offense. Because the facts and procedural history are familiar to the parties, we do not recite them here, except as necessary to explain our disposition.

We have jurisdiction pursuant to 28 U.S.C. § 1291. We review the district court's denial of a petition for a writ of habeas corpus de novo. *DeWeaver v. Runnels*, 556 F.3d 995, 997 (9th Cir. 2009). We review the trial court's determination that there was manifest necessity to declare a mistrial for abuse of discretion. *United States v. Chapman*, 524 F.3d 1073, 1082 (9th Cir. 2008). We deny the government's motion to dismiss, and affirm the district court's denial of Glover's petition.

**1.** Glover's subsequent guilty plea did not result in a waiver of his double jeopardy claim. *Menna v. New York*, 423 U.S. 61, 62 (1975) (per curiam). Because Glover properly filed this petition under 28 U.S.C. § 2241 in the first instance, that section continues to apply notwithstanding his subsequent guilty plea. *See Stow v. Murashige*, 389 F.3d 880, 885 (9th Cir. 2004) (where petitioner

"was not 'in custody pursuant to the judgment of a State court' at the time he filed his petition," § 2241 applied).

2.     It appears that the trial judge acted "responsibly and deliberately," and was within his discretion to determine that there was manifest necessity for a mistrial. *See Arizona v. Washington*, 434 U.S. 497, 516 (1978). Defense counsel had been admonished not to refer to the contents of the videotape, but proceeded to do so notwithstanding the admonition. The trial judge heard arguments from both parties regarding the necessity for a mistrial and concluded that a curative instruction would be insufficient to cure defense counsel's improper statement. *See id*. at 515-16 (stating that the trial judge is in the best position to assess the impact of "improper and highly prejudicial" remarks); *United States v. Bates*, 917 F.2d 388, 395-96 (9th Cir. 1990). We cannot say that the trial judge abused his discretion in finding a manifest necessity for a mistrial. Accordingly, we find no double jeopardy violation.

The motion to dismiss is **DENIED.**

The judgment of the district court is **AFFIRMED.**