**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

NOV 22 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JASON RAY TYLER,<br><br>            Petitioner - Appellant,<br><br>   v.<br><br>CHARLES L. RYAN and TERRY L. GODDARD,<br><br>            Respondents - Appellees. | No. 12-15966<br><br>D.C. Nos.   4:10-cv-00353-RCC<br>                 4:10-cv-00543-RCC<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Arizona
Raner C. Collins, Chief District Judge, Presiding

Argued and Submitted November 5, 2013
San Francisco, California

Before: FARRIS, FERNANDEZ, and IKUTA, Circuit Judges.

Jason Ray Tyler appeals the district court's dismissal of his petition for

habeas corpus. We have jurisdiction under 28 U.S.C. § 2253(a), and we affirm.

Even assuming the state breached the first plea agreement by entering a

subsequent indictment against Tyler, the state appellate court's rejection of Tyler's

---

[*]        This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

claim that the breach violated his due process rights was not an unreasonable application of *Santobello v. New York*, 404 U.S. 257 (1971). *See* 28 U.S.C. § 2254(d)(1); *Williams v. Taylor,* 529 U.S. 362, 405–06 (2000). The state appellate court could make "a principled distinction," *Murdoch v. Castro*, 609 F.3d 983, 991 (9th Cir. 2010) (en banc), between Tyler's case and *Santobello* because Tyler withdrew his motion to dismiss the second indictment and subsequently accepted a guilty plea conditioned on having his sentences for both convictions run concurrently.

Nor did the state appellate court unreasonably apply *Blackledge v. Perry*, 417 U.S. 21, 30–31 (1974), or *Menna v. New York*, 423 U.S. 61, 62 (1975), which establish narrow exceptions to the general rule that a defendant cannot challenge pre-plea constitutional errors once a plea has been entered. *See United States v. Broce*, 488 U.S. 563, 569 (1989). Rather, the court assumed that Tyler was entitled to this exception, considered his claim that the second indictment violated his rights under the Double Jeopardy Clause, and rejected the claim because the first conviction was for a crime that had an element not included in the second conviction, and vice versa.

Finally, Tyler has not identified any clearly established Supreme Court precedent holding that a defendant's right to due process is violated when a state

court accepts a guilty plea from a defendant who has raised and abandoned a claim that the prosecution at issue breaches a prior plea agreement. Accordingly, to the extent this argument was raised to the state appellate court, its rejection of the claim was not an unreasonable application of Supreme Court precedent.

**AFFIRMED**.