# United States Court of Appeals
## For the First Circuit

No. 14-1733

UNITED STATES OF AMERICA,

Appellee,

v.

FERRISON DÍAZ-DONCEL,

Defendant, Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

[Hon. Francisco A. Besosa, U.S. District Judge]

Before

Torruella, Hawkins,* and Barron,
Circuit Judges.

Jennie M. Espada, with whom Espada Esquire Legal Services PSC was on brief, for appellant.
Tiffany V. Monrose, Assistant United States Attorney, with whom, Rosa Emilia Rodríguez-Vélez, United States Attorney, and Nelson Pérez-Sosa, Assistant United States Attorney, Chief, Appellate Division, were on brief, for appellee.

January 27, 2016

---

* Of the Ninth Circuit, sitting by designation.

**BARRON**, **Circuit Judge**.  This appeal follows defendant Ferrison Díaz-Doncel's straight plea of guilty to all three counts set forth in a criminal indictment.  The first two counts were for conspiracy to possess, and aiding and abetting the possession of, cocaine on a vessel subject to the jurisdiction of the United States, in violation of the Maritime Drug Law Enforcement Act ("MDLEA").  46 U.S.C. §§ 70501 et seq.; 18 U.S.C. § 2.  The third count was for aiding and abetting a failure to heave.  18 U.S.C. §§ 2237, 2.[1]  On appeal, Díaz argues that Congress exceeded the scope of its Article I powers in enacting the MDLEA and that his MDLEA convictions must therefore be reversed.  But precedent makes clear that Díaz waived his right to bring this challenge when he entered his guilty plea.

The undisputed facts can be briefly stated.  On June 28, 2013, a United States Coast Guard ("USCG") cutter ordered a cigarette boat in the Caribbean Sea to heave to.  Following a chase, a Dutch war ship with USCG personnel on-board interdicted the cigarette boat.  The USCG personnel then boarded the cigarette boat, arrested the crew, including Díaz, and seized the vessel.

Following the arrest, Díaz was indicted by a federal grand jury on three counts.  He then filed a late motion to dismiss

---

[1]  18 U.S.C. § 2237 "makes it unlawful for an operator of 'a vessel subject to the jurisdiction of the United States, to knowingly fail to obey' a federal law enforcement officer's order 'to heave to that vessel' (in layman's terms, failing to slow down or stop)."  United States v. $8,440,190.00 in U.S. Currency, 719 F.3d 49, 53 (1st Cir. 2013).

the indictment.  The motion argued that Congress had exceeded the scope of its powers under Article I of the United States Constitution in enacting the MDLEA.  The District Court denied the motion as untimely.  The District Court ruled that no exception could be made for Díaz's late filing, because his challenge was not a challenge to the Court's subject matter jurisdiction.

On the second day of the trial, Díaz entered a straight plea of guilty to all three counts.  The District Court then sentenced Díaz to 168 months of imprisonment on each of the MDLEA counts, and to 60 months of imprisonment for failing to heave, to be served concurrently.  On appeal, Díaz challenges only his MDLEA convictions, which he contends must be reversed because Congress exceeded the scope of its Article I powers in enacting that statute.

"Ordinarily a guilty plea, entered unconditionally -- that is, without reserving an issue or issues for appeal -- establishes guilt and forfeits all objections and defenses." United States v. González, 311 F.3d 440, 442 (1st Cir. 2002) (citing United States v. Cordero, 42 F.3d 697, 699 (1st Cir. 1994)).  There are, however, "a few exceptions to this principle." Id.  And the one that Díaz relies on "applies where the claim on appeal is that the district court lacked subject matter jurisdiction over the case."  Id.[2]

_____

[2]  Another exception to the rule that a guilty plea waives all objections is derived from the Supreme Court's decisions in

- 3 -

Our precedent makes clear, however, that this exception does not apply here.  As we have held before, a constitutional challenge to Congress's "jurisdiction" to pass the MDLEA pursuant to its Article I powers is not a challenge to a district court's subject matter jurisdiction over a criminal case brought under the MDLEA.  United States v. Nueci-Peña, 711 F.3d 191, 197 (1st Cir. 2013); United States v. Cardales-Luna, 632 F.3d 731, 737-38 (1st Cir. 2011).  And the D.C. Circuit recently agreed in concluding that a guilty plea barred a defendant from asserting an Article I challenge to the MDLEA on appeal.  See United States v. Miranda, 780 F.3d 1185, 1189-91 (D.C. Cir. 2015).  Thus, whatever the merits of Díaz's constitutional argument, see Cardales-Luna, 632 F.3d at 738-51 (Torruella, J., dissenting) (setting forth the argument that Congress exceeded its Article I powers in enacting the MDLEA), Díaz waived his right to assert it when he pled guilty.  The convictions are therefore **affirmed**.

**-Dissenting Opinion Follows-**

---

Blackledge v. Perry, 417 U.S. 21 (1974), and Menna v. New York, 423 U.S. 61 (1975).  Those cases involved, respectively, "a due process challenge arising from repetitive, vindictive prosecution" and a double jeopardy challenge.  United States v. Miranda, 780 F.3d 1185, 1190 (D.C. Cir. 2015).  Diaz makes no argument that his case falls into the Blackledge-Menna exception.  And we note that the D.C. Circuit recently held that a challenge such as Diaz's does not fit within the Blackledge-Menna exception.  Id.

**TORRUELLA**, **Circuit Judge, Dissenting**. I disagree that the issue of the challenge to Díaz's conviction under the MDLEA has been waived. As I stated in United States v. Cardales-Luna, 632 F.3d 731, 738-51 (1st Cir. 2011) (Torruella, J., dissenting), and United States v. González, 311 F.3d 440, 444-450 (1st Cir. 2002) (Torruella, J., concurring), this is a constitutional challenge to the government's authority under the MDLEA, which implicates the subject matter jurisdiction of this Court, and, as a result, this issue can be raised by Díaz at any point in the proceeding. His right to assert this argument is not waived by entering an unconditional guilty plea. See Cardales-Luna, 632 F.3d at 751; González, 311 F.3d at 444. I respectfully dissent for all of the reasons stated in those cases.