OPINION
{¶ 1} Gregory Melvin appeals from a judgment of the Montgomery County Court of Common Pleas, which convicted him of tampering with evidence upon his plea of guilty and sentenced him to two years of imprisonment.
 {¶ 2} On October 10, 2002, Melvin was indicted for tampering with evidence. The indictment was based upon a police officer's observation that Melvin threw a gun out of a drug house window during a police raid. Melvin pled not guilty. He subsequently missed two court dates, but he appeared with his court-appointed attorney for a final pretrial hearing on April 3, 2003. At the pretrial hearing, Melvin sought a continuance to allow him to contact additional witnesses, he objected to his attorney's failure to file a motion to suppress, and he stated that his attorney did not have his best interests at heart. The trial court refused to grant a continuance, primarily because of Melvin's past missed court dates, and it informed Melvin that he was "wrong" in asserting that his attorney was not concerned with his best interests. The court also informed Melvin that the issues he sought to raise were not properly addressed in a motion to suppress. The trial court stated that the trial would proceed the following week as scheduled.
 {¶ 3} Melvin was ordered into custody because of the trial court's concern about whether he would appear for trial. Defense counsel then asked whether the court would release Melvin if he accepted a plea agreement with the state. The court permitted Melvin to speak with his attorney at some length in an attempt to ensure that such a plea would be voluntary. Ultimately, Melvin stated that he wanted to enter into a plea agreement whereby he would plead guilty to tampering with evidence in exchange for the state's recommendation that he be sentenced to community control sanctions.
 {¶ 4} The trial court questioned Melvin about his understanding of his plea and its consequences in accordance with Crim.R. 11(C). The court then accepted the plea and ordered a presentence investigation. Upon discovering that Melvin had four prior felony convictions and that he had not successfully completed his probation the last time he was convicted, the trial court sentenced Melvin to two years of imprisonment.
 {¶ 5} Melvin raises three assignments of error on appeal. We will address these assignments together.
 {¶ 6} "I. The trial court violated appellant's constitutional due process rights, pursuant to the sixth and fourteenth amendments to the United States constitution, through its failure to inquire on the record as to the basis for the appellant's complaints about the adequacy of his appointed counsel.
 {¶ 7} "II. Appellant was denied effective assistance of counsel and his right to subpoena and have witnesses testify on his behalf in violation of his rights under the sixth and fourteenth amendments to the United States constitution.
 {¶ 8} "III. Appellant was denied due process, a right to compel the testimony of witnesses on his behalf, and the effective assistance of counsel through the trial court's failure to grant a continuance."
 {¶ 9} Melvin claims that the trial court should have inquired into his complaint that his attorney was not acting in his best interest and should have granted a continuance so that he could contact witnesses. He asserts that the trial court "made no inquiry whatsoever" into the allegation that counsel had acted ineffectively, as it was required to do. The state contends that Melvin waived these arguments when he pled guilty to the offense.
 {¶ 10} A plea of guilty constitutes a complete admission of guilt. Crim.R. 11(B)(1). "By entering a plea of guilty, the accused is not simply stating that he did the discrete acts described in the indictment; he is admitting guilt of a substantive crime." State v.Barnett (1991), 73 Ohio App.3d 244, 248, 596 N.E.2d 1101, citing UnitedState v. Broce (1989), 488 U.S. 563, 570, 109 S.Ct. 757, 762. The plea renders irrelevant those constitutional violations not logically inconsistent with the valid establishment of factual guilt. Id., citingMenna v. New York (1975), 423 U.S. 61, 96 S.Ct. 241, 46 L.Ed.2d 195. The only exception would be if the errors effectively coerced a plea, thereby making it involuntary. State v. Lane (Apr. 19, 2002), Greene App. No. 2001-CA-91.
 {¶ 11} In our view, Melvin has waived the alleged errors that occurred prior to his plea. The denial of his continuance and the actions of his attorney do not reflect that his plea was other than voluntary. As we have observed many times, the fact that a defendant made a difficult choice does not mean that he made an involuntary or coerced choice. Statev. Robinson (June 16, 2000), Montgomery App. No. 18074; State v. Jenkins
(Oct. 27, 1993), Clark App. No. 3037. We also note that disappointment with the trial judge for not following the prosecutor's recommendation for sentencing does not render a plea other than knowing and voluntary.State v. Lane, Greene App. No. 2001-CA-91, 2002-Ohio-1898.
 {¶ 12} Further, we see no error in the trial court's actions. Although the court was gruff in its dealings with Melvin, it had a rational basis for denying his request for a continuance based on the facts that he had caused several previous delays in the proceedings by failing to come to court and the unsubstantiated value of the witnesses he wanted to call. Also, Melvin did not challenge any specific action or omission of the attorney, stating only that the attorney did not have Melvin's best interests at heart. The substance of Melvin's complaint, however, dealt with his inability to obtain a continuance and his claimed lack of knowledge of one of the court dates. As we have stated, the trial court had a reasonable basis for the denial of a continuance, and Melvin admitted that he had received written notice of the court date in question.
 {¶ 13} The assignments of error are overruled.
 {¶ 14} The judgment of the trial court will be affirmed.
Brogan, J. and Grady, J., concur.