**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 05-4480

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

GARDELL ERVIN CHRISTIAN,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria. Gerald Bruce Lee, District Judge. (CR-03-325)

Submitted: May 15, 2006                    Decided: June 6, 2006

Before MICHAEL, MOTZ, and TRAXLER, Circuit Judges.

Affirmed by unpublished per curiam opinion.

William B. Cummings, WILLIAM B. CUMMINGS, P.C., Alexandria, Virginia, for Appellant. Michael James Elston, Assistant United States Attorney, Jonathan Leo Fahey, Matthew Josef Bester, Joseph Kevin Wheatly, OFFICE OF THE UNITED STATES ATTORNEY, Alexandria, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Gardell Ervin Christian appeals the district court's order sentencing him to 78 months' imprisonment following his guilty plea to a single count of conspiracy to possess with the intent to distribute and to distribute fifty grams or more of cocaine base in violation of 21 U.S.C. §§ 841(a)(1), 846 (2000). Christian's attorney has filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), stating that he finds no meritorious grounds for appeal, but questioning the validity of Christian's plea agreement. Christian's counsel also questions whether Christian pled guilty to the charge that he thought he was pleading guilty to, and whether the sentence was reasonable. Christian filed a pro se supplemental brief, wherein he challenged the validity of his plea agreement, alleged errors in his arrest and indictment, and claimed that he had received ineffective assistance of counsel. The Government did not file an answering brief. We have reviewed the record and, finding no reversible error, affirm Christian's conviction and sentence.

A guilty plea is an admission of factual guilt, and it forecloses most challenges to the resulting conviction. A defendant may, however, challenge the knowing and voluntary nature of his plea, and may challenge the jurisdictional basis for the conviction. See, e.g., Menna v. New York, 423 U.S. 61, 63 n.2 (1975).

- 2 -

Christian seeks to challenge the voluntariness of his guilty plea. At the time of his plea hearing, Christian was forty-three and had managed his own remodeling business. He indicated that he was not under the influence of alcohol or drugs, and affirmed that he had discussed the agreement with his counsel. The district court also specifically discussed the charges and factual basis for the charges, and Christian indicated that he understood. When Christian expressed some ambivalence about his guilty plea, the court offered him the opportunity to withdraw the plea, but Christian did not avail himself of this opportunity. We find Christian's guilty plea to have been made knowingly and voluntarily, and reject his argument that he thought he was pleading guilty to a different count of the indictment.

Christian's challenges to his arrest and indictment are precluded by his guilty plea, which acts as a waiver of all nonjurisdictional defects in the indictment. Tollett v. Henderson, 411 U.S. 258, 267 (1973); United States v. Willis, 992 F.2d 489, 490 (4th Cir. 1993) (holding guilty plea constitutes a waiver of nonjurisdictional defects).

Christian raises several challenges to his counsel's performance. Claims of ineffective assistance of counsel are not cognizable on direct appeal unless the record conclusively establishes ineffective assistance. United States v. Richardson, 195 F.3d 192, 198 (4th Cir. 1999). Instead, to allow for adequate

development of the record, a defendant generally must bring his ineffective assistance claims in a motion under 28 U.S.C. § 2255 (2000). United States v. King, 119 F.3d 290, 295 (4th Cir. 1997). An exception exists where the record conclusively shows ineffective assistance. Id. Here, the record on its face does not conclusively demonstrate ineffective assistance of counsel.

Christian's counsel has questioned whether the sentence of seventy-eight months' imprisonment was reasonable in light of United States v. Booker, 543 U.S. 220, 261 (2005). We have stated that a sentence must be "within the statutorily prescribed range and . . . reasonable." United States v. Hughes, 401 F.3d 540, 546-47 (4th Cir. 2005) (internal citation omitted). A sentence imposed within a correctly calculated guideline range is presumptively reasonable. United States v. Green, 436 F.3d at 449, 457 (4th Cir. 2006).

A reasonable sentence is "selected pursuant to a reasoned process in accordance with the law, in which the court [does] not give excessive weight to any relevant factor, and which [effects] a fair and just result in light of the relevant facts and law." Green, 436 F.3d at 457. Here, the district court discussed several factors listed in 18 U.S.C. § 3553(a) (2000), including the type of crime, the need for deterrence, the risk of recidivism and Christian's age and circumstances. The record does not indicate that the district court gave excessive weight to any one factor.

Christian was also sentenced at the bottom end of a properly-calculated advisory guideline range. Accordingly, because the sentence was within the advisory guideline range and was determined according to a reasoned process in accordance with the law, we find the sentence to be reasonable.

In accordance with <u>Anders</u>, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore affirm Christian's conviction and sentence. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>