**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────────

**No. 06-4459**

─────────────

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

JASMINE ROCHELLS ROBESON,

Defendant - Appellant.

─────────────

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte. Graham C. Mullen, Senior District Judge. (3:02-cr-00140-2)

─────────────

Submitted: March 21, 2007          Decided: May 4, 2007

─────────────

Before NIEMEYER, MOTZ, and TRAXLER, Circuit Judges.

─────────────

Affirmed by unpublished per curiam opinion.

─────────────

Mark W. Kinghorn, HELMS MULLISS & WICKER, PLLC, Charlotte, North Carolina, for Appellant. Gretchen C. F. Shappert, United States Attorney, Kimlani Murray Ford, OFFICE OF THE UNITED STATES ATTORNEY, Charlotte, North Carolina, for Appellee.

─────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Following her guilty plea to one count of conspiracy to possess with intent to distribute fifty grams or more of cocaine base, in violation of 21 U.S.C.A. § 841(a)(1), 846 (West 1999 & Supp. 2006), Jasmine Rochells Robeson was sentenced to 121 months' imprisonment. Robeson appeals, challenging the validity of her guilty plea and her sentence.[1]

Robeson first argues that her guilty plea was not knowing and voluntary because she was deprived of effective assistance of counsel. Generally, claims of ineffective assistance of counsel are not cognizable on direct appeal. United States v. King, 119 F.3d 290, 295 (4th Cir. 1997). Because the record does not conclusively show that the attorney who represented Robeson at her plea hearing provided ineffective assistance, see United States v. Baldovinos, 434 F.3d 233, 239 (4th Cir.), cert. denied, 126 S. Ct. 1407 (2006), we decline to review this claim on direct appeal.[2]

_____

[1]The district court imposed sentence in December 2003. Robeson subsequently filed a motion under 28 U.S.C. § 2255 (2000) asserting, inter alia, that counsel failed to comply with her request to file a notice of appeal. Giving Robeson the benefit of the doubt, the district court granted relief under United States v. Peak, 992 F.2d 39 (4th Cir. 1993), vacated the criminal judgment, and reinstated the judgment in March 2006 to afford Robeson the opportunity to file a direct appeal. The district court denied relief on the remainder of Robeson's § 2255 claims. This court affirmed as modified the district court's dismissal of the remainder of Robeson's § 2255 claims to reflect that the dismissal was without prejudice. See United States v. Robeson, 194 F. App'x 142 (4th Cir. 2006) (No. 04-7718).

[2]Additionally, we note that although Robeson expressed dissatisfaction with this attorney, she insisted that she wished to plead guilty and that the court, after considering Robeson's position, accepted her guilty plea, permitted withdrawal of counsel, and advised Robeson that when her new attorney was

- 2 -

To the extent that Robeson claims that her guilty plea was not knowing and voluntary due to inadequacies in the Fed. R. Crim. P. 11 hearing, we note that her challenge is subject to plain error review because she did not move in the district court to withdraw her guilty plea.  See United States v. Martinez, 277 F.3d 517, 525 (4th Cir. 2002) (holding that "plain error analysis is the proper standard for review of forfeited error in the Rule 11 context").  Our review of the record reveals that the plea hearing substantially comported with the requirements of Rule 11 and that any variance from Rule 11 did not affect Robeson's substantial rights.

Robeson next argues that her sentence should be vacated because the drugs upon which her sentence was calculated were seized in violation of the Fourth Amendment.  However, the drugs were seized during Robeson's arrest, and a valid guilty plea waives all antecedent nonjurisdictional defects not logically inconsistent with the establishment of guilt.  Menna v. New York, 423 U.S. 61, 62-63 n.2 (1975); Tollett v. Henderson, 411 U.S. 258, 267 (1973).  Thus, Robeson waived her right to challenge the legality of the search and seizure.

Robeson also claims that the district court erroneously calculated her sentence using the total weight of the substance

appointed, she could discuss the situation with new counsel and move to withdraw her guilty plea if she so desired.  However, Robeson never moved to withdraw her guilty plea, and we find that the district court's acceptance of Robeson's guilty plea did not amount to plain error.  United States v. Hughes, 401 F.3d 540, 547-48 (4th Cir. 2005).

seized rather than the pure drug weight. This argument is undermined by the notes to the drug quantity table in the federal sentencing guidelines that instruct courts to follow the approach taken by the district court in this case. See U.S. Sentencing Guidelines Manual § 2D1.1(c), Notes to Drug Quantity Table, (A).

Finally, Robeson challenges the constitutionality of her sentence in light of United States v. Booker, 543 U.S. 220 (2005). Because Robeson's sentence did not exceed the sentence that could be imposed based on facts she admitted, we find no Sixth Amendment error.

For these reasons, we affirm Robeson's conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED