**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 08-4678**

———————

UNITED STATES OF AMERICA,

                 Plaintiff - Appellee,

        v.

LARRY JAMIE LEWIS,

                 Defendant - Appellant.

———————

Appeal from the United States District Court for the District of South Carolina, at Florence.   Terry L. Wooten, District Judge. (4:07-cr-00481-TLW-10)

———————

Submitted:  August 26, 2009          Decided:  December 4, 2009

———————

Before KING, SHEDD, and AGEE, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

John M. Ervin, III, ERVIN LAW OFFICE, Darlington, South Carolina, for Appellant.   Arthur Bradley Parham, Assistant United States Attorney, Florence, South Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Larry Jamie Lewis pled guilty to conspiracy to possess cocaine base with the intent to distribute, in violation of 21 U.S.C.A. § 841(a)(1) (West Supp. 2009) and 21 U.S.C. § 846 (2006). The district court sentenced Lewis to 120 months' imprisonment, followed by five years of supervised release. His counsel filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), claiming there are no meritorious issues for review but questioning whether the district court complied with Fed. R. Crim. P. 11 in accepting Lewis's guilty plea. Lewis's pro se supplemental brief presents the additional issues of whether his counsel provided ineffective assistance by pressuring him to plead guilty, whether the search warrant violated the Fourth Amendment, whether the Government committed prosecutorial misconduct by refusing to share discovery with the defense before trial, and whether Lewis was denied a proper arraignment. Lewis also moves this court for appointment of a new attorney.

Because Lewis did not move in the district court to withdraw his guilty plea or otherwise raise Rule 11 error, this court's review is for plain error. See United States v. Vonn, 535 U.S. 55, 59 (2002). Thus, it is Lewis's burden to show an error that was plain and affected his substantial rights, and show that this court should exercise its discretion to notice

2

the error.  United States v. Martinez, 277 F.3d 517, 529 (4th Cir. 2002).  The district court, through colloquy with Lewis, informed him of the nature of the charge against him, the mandatory minimum penalty, the maximum possible penalty, and of the various rights he was relinquishing by pleading guilty.  In addition, the district court determined there was a factual basis for the plea.  Our review of the transcript reveals full compliance with the requirements of Fed. R. Crim. P. 11, and we conclude that Lewis pled guilty knowingly and voluntarily.

Turning to Lewis's claim that he received ineffective assistance of counsel, such claims are generally not cognizable on direct appeal.  United States v. King, 119 F.3d 290, 295 (4th Cir. 1997).  Instead, ineffective assistance claims are appropriately brought pursuant to 28 U.S.C.A. § 2255 (West Supp. 2009) to allow for adequate development of the factual record.  See King, 119 F.3d at 295.  A defendant may raise an ineffective counsel claim on direct appeal only if the record conclusively demonstrates that defense counsel did not provide effective representation.  United States v. Baldovinos, 434 F.3d 233, 239 (4th Cir. 2006).  To prove ineffective assistance a defendant must show both "that counsel's representation fell below an objective standard of reasonableness" and "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."

Strickland v. Washington, 466 U.S. 668, 688, 694 (1984) (noting that certain types of ineffective assistance warrant a presumption of prejudice). We have reviewed the record, and it does not conclusively demonstrate that defense counsel did not provide effective representation. Accordingly, we decline to address this claim on direct appeal.

Lewis raises additional issues in his pro se brief relating to the search warrant, discovery, and his arraignment. However, a valid guilty plea waives all nonjurisdictional antecedent defects, including constitutional challenges to the pretrial proceedings. See Menna v. New York, 423 U.S. 61, 62-63 n.2 (1975); Tollett v. Henderson, 411 U.S. 258, 267 (1973). Lewis's intelligent and voluntary guilty plea established his factual guilt, rendering any constitutional violations in the pretrial proceedings irrelevant.

In accordance with Anders, we have reviewed the record in this case and have found no meritorious issues for appeal. We therefore affirm Lewis's conviction and sentence, and deny his motion for appointment of new counsel. This court requires that counsel inform Lewis, in writing, of the right to petition the Supreme Court of the United States for further review. If Lewis requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation.

4

Counsel's motion must state that a copy thereof was served on Lewis.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>