**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 09-4583**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

RICARDO W. MADDOX,

Defendant - Appellant.

Appeal from the United States District Court for the Northern
District of West Virginia, at Clarksburg.  Irene M. Keeley,
District Judge.  (1:08-cr-00090-IMK-JSK-1)

Submitted: March 9, 2010          Decided:  April 13, 2010

Before KING, SHEDD, and DAVIS, Circuit Judges.

Affirmed in part; dismissed in part by unpublished per curiam
opinion.

William L. Pennington, Morgantown, West Virginia, for Appellant.
John Castle Parr, Assistant United States Attorney, Wheeling,
West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Ricardo W. Maddox pleaded guilty to distribution of cocaine base, in violation of 21 U.S.C. § 841(a) (2006), and possession of a firearm after having been convicted of a crime punishable by more than one year, in violation of 18 U.S.C. § 922(g)(1) (2006). The district court sentenced Maddox to eighty-four months of imprisonment and Maddox now appeals. His attorney has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), raising several issues but stating that there are no meritorious issues for appeal. Maddox filed a pro se supplemental brief raising additional issues.[*] The Government has filed a motion to dismiss the appeal based on Maddox's waiver of his right to appeal. For the reasons that follow, we dismiss the appeal of Maddox's sentence and affirm his convictions.

A defendant may, in a valid plea agreement, waive the right to appeal under 18 U.S.C. § 3742 (2006). United States v. Wiggins, 905 F.2d 51, 53 (4th Cir. 1990). This court reviews the validity of an appellate waiver de novo, and will enforce the waiver if it is valid and the issue appealed is within the

---

[*] We have considered the claims raised in Maddox's pro se brief and conclude that the claims lack merit.

scope thereof. United States v. Blick, 408 F.3d 162, 168 (4th Cir. 2005).

An appeal waiver is valid if the defendant knowingly and intelligently agreed to the waiver. Id. at 169. To determine whether a waiver is knowing and intelligent, this court examines "the totality of the circumstances, including the experience and conduct of the accused, as well as the accused's educational background and familiarity with the terms of the plea agreement." United States v. General, 278 F.3d 389, 400 (4th Cir. 2002) (internal quotation marks and citation omitted). Generally, if the district court fully questions a defendant regarding the waiver of his right to appeal during the Fed. R. Crim. P. 11 colloquy, the waiver is both valid and enforceable. United States v. Johnson, 410 F.3d 137, 151 (4th Cir. 2005); United States v. Wessells, 936 F.2d 165, 167-68 (4th Cir. 1991). We have reviewed the record and conclude that Maddox knowingly and intelligently entered into the plea agreement and understood the appeal waiver.

Accordingly, Maddox waived the right to appeal his sentence and the manner in which it was determined and we thus grant in part the Government's motion to dismiss the appeal. The appellate waiver does not, however, preclude us from considering Maddox's remaining claims. Therefore, we deny the motion to dismiss in part.

In the Anders brief, counsel questions whether the Government made a promise not contained in the plea agreement regarding the sentence Maddox would receive. This claim, however, is unsupported by the record. Counsel also questions whether the plea should be set aside as unknowing and involuntary based on alleged clerical errors in the record, on Maddox's misunderstanding of the charges against him, and on the manner in which the factual basis was established at the Rule 11 hearing.

Because Maddox did not move in the district court to withdraw his guilty plea, any error in the Rule 11 hearing is reviewed for plain error. See United States v. Martinez, 277 F.3d 517, 525 (4th Cir. 2002). Furthermore, there is a strong presumption that a defendant's guilty plea is binding and voluntary if he has received an adequate Fed. R. Crim. P. 11 hearing. United States v. Puckett, 61 F.3d 1092, 1099 (4th Cir. 1995); see Blackledge v. Allison, 431 U.S. 63, 74 (1977) (finding that statements made during a plea hearing "carry a strong presumption of verity"). Our review of the record discloses that the district court fully complied with Rule 11. We conclude, therefore, that the district court did not err in accepting Maddox's guilty plea as knowing and voluntary.

Counsel next questions whether the Government retaliated against Maddox for filing a motion to dismiss and a

4

suppression motion by seeking a superseding indictment. This claim, however, is based on a flawed factual premise and is therefore without merit. Counsel also questions the validity of the search warrant obtained to search Maddox's residence. However, Maddox waived the right to appeal this issue by pleading guilty. See Menna v. New York, 423 U.S. 61, 62-63 (1975); Tollett v. Henderson, 411 U.S. 258, 267 (1973) (when defendant pleads guilty voluntarily, he waives challenges to deprivations of constitutional rights occurring prior to guilty plea).

Finally, counsel questions whether Maddox's trial counsel was ineffective. To prove a claim of ineffective assistance of counsel, a defendant must show (1) "that counsel's performance was deficient," and (2) "that the deficient performance prejudiced the defense." Strickland v. Washington, 466 U.S. 668, 687 (1984). With respect to the first prong, "the defendant must show that counsel's performance fell below an objective standard of reasonableness." Id. at 688. In addition, "[j]udicial scrutiny of counsel's performance must be highly deferential." Id. at 689. Under the second prong of the test in the context of a conviction following a guilty plea, a defendant can show prejudice only by demonstrating "a reasonable probability that, but for counsel's errors, he would not have

pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985).

This court may address a claim of ineffective assistance on direct appeal only if the lawyer's ineffectiveness conclusively appears on the record. United States v. Baldovinos, 434 F.3d 233, 239 (4th Cir. 2006). We have thoroughly reviewed the record and conclude that it does not conclusively demonstrate that Maddox's trial counsel rendered ineffective assistance. We accordingly decline to consider this claim on direct appeal.

We have examined the entire record in accordance with the requirements of Anders and have found no meritorious issues for appeal. Accordingly, we grant the Government's motion to dismiss as to Maddox's sentence, deny the motion as to Maddox's convictions, and affirm Maddox's convictions. This court requires that counsel inform Maddox, in writing, of the right to petition the Supreme Court of the United States for further review. If Maddox requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Maddox.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials

6

before the court and argument would not aid the decisional process.

AFFIRMED IN PART;
DISMISSED IN PART