**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────

**No. 10-4178**

───────────

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

    v.

CLINTON GREEN, a/k/a Clinton Greene,

              Defendant - Appellant.

───────────

Appeal from the United States District Court for the Southern District of West Virginia, at Charleston. John T. Copenhaver, Jr., District Judge. (2:09-cr-00041-1)

───────────

Submitted: December 20, 2010      Decided: February 7, 2011

───────────

Before MOTZ and DUNCAN, Circuit Judges, and HAMILTON, Senior Circuit Judge.

───────────

Dismissed in part; affirmed in part by unpublished per curiam opinion.

───────────

Andrew J. Katz, THE KATZ WORKING FAMILIES' LAW FIRM, L.C., Charleston, West Virginia, for Appellant. Monica Lynn Dillon, Assistant United States Attorney, Charleston, West Virginia, for Appellee.

───────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Clinton Green pled guilty, pursuant to a written plea agreement, to one count of distributing crack cocaine, 21 U.S.C. §§ 841(a)(1) (2006), and was sentenced to a 27-month term of imprisonment. On appeal, counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating that, in his opinion, there are no meritorious grounds for appeal but raising three potential issues: (1) whether the district court erred in denying Green's motion to suppress; (2) whether the district court erred in denying Green's motion to dismiss the superseding indictment; and (3) whether Green should have received a lesser sentence. Although informed of his right to file a supplemental pro se brief, Green has not done so. The Government has moved to dismiss the appeal based on a waiver provision in Green's plea agreement. We affirm in part and dismiss in part.

A defendant may waive the right to appeal if that waiver is knowing and intelligent. United States v. Blick, 408 F.3d 162, 169 (4th Cir. 2005). Generally, if the district court fully questions a defendant at his Fed. R. Crim. P. 11 proceeding regarding the waiver of his right to appeal, the waiver is both valid and enforceable. United States v. Johnson, 410 F.3d 137, 151 (4th Cir. 2005); United States v. Wessells, 936 F.2d 165, 167-68 (4th Cir. 1991). Whether a defendant

2

validly waives his right to appeal is a question of law that we review de novo.  Blick, 408 F.3d at 168.

After reviewing the record, we conclude that Green knowingly and voluntarily waived his right to appeal his sentence, retaining only his right to appeal a sentence beyond the statutory maximum of twenty years.  Green was sentenced to less than the statutory maximum and, therefore, he retained no appellate rights with respect to his sentence.  Accordingly, we grant, in part, the Government's motion to dismiss and dismiss Green's appeal to the extent that it seeks appellate review of his sentence.

The express terms of the waiver provision, however, do not prevent our review of any errors in Green's conviction.  To the extent that Green challenges the denial of his motion to suppress and his motion to dismiss the indictment, we find such claims waived.  When a defendant enters a voluntary plea of guilty, he waives his right to challenge antecedent, nonjurisdictional errors not logically inconsistent with the establishment of guilt.  See Menna v. New York, 423 U.S. 61, 62-63 (1975); Tollett v. Henderson, 411 U.S. 258, 267 (1973); see also United States v. Wiggins, 905 F.2d 51, 52 (4th Cir. 1990) ("[D]irect review of an adverse ruling on a pre-trial motion is available only if the defendant expressly preserves that right by entering a conditional guilty plea.").  Because our review of

the Fed. R. Crim. P. 11 colloquy reveals that Green's guilty plea was both knowing and voluntary, he has waived appellate review of these issues.

After reviewing the entire record in accordance with Anders, we conclude that there are no issues not covered by the waiver that are meritorious. Thus, we deny, in part, the Government's motion to dismiss and affirm Green's conviction.

This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy of the motion was served on his client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

DISMISSED IN PART;
AFFIRMED IN PART

4