**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 10-4052**

_____

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

     v.

CINQUE DONALDSON,

                Defendant - Appellant.

_____

Appeal from the United States District Court for the District of Maryland, at Baltimore. Catherine C. Blake, District Judge. (1:09-cr-00220-CCB-1)

_____

Submitted: January 25, 2011       Decided: February 22, 2011

_____

Before MOTZ and SHEDD, Circuit Judges, and HAMILTON, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

Thomas J. Saunders, LAW OFFICES OF THOMAS J. SAUNDERS, Baltimore, Maryland, for Appellant. Kwame Jangha Manley, Assistant United States Attorney, Thiruvendran Vignarajah, OFFICE OF THE UNITED STATES ATTORNEY, Baltimore, Maryland, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Cinque Donaldson pleaded guilty to three counts of possession with intent to distribute cocaine base, in violation of 21 U.S.C. § 841(a) (2006); possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c) (2006); and possession of a firearm after having previously been convicted of a crime punishable by a term of imprisonment exceeding one year, in violation of 18 U.S.C. § 922(g)(1) (2006). The district court sentenced Donaldson to a total of 300 months of imprisonment and he now appeals. His appellate attorney has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), questioning whether the district court erred in denying Donaldson's suppression motion and whether Donaldson should be allowed to withdraw his guilty plea. Donaldson has filed a pro se brief raising additional issues.[*] Finding no error, we affirm.

Counsel first argues that the district court erred in denying Donaldson's suppression motion. However, when a defendant enters a voluntary guilty plea, he waives his right to challenge antecedent, nonjurisdictional errors not logically inconsistent with the establishment of guilt. See Menna v. New

---

[*] We have considered the issues raised in Donaldson's pro se brief and conclude they lack merit.

York, 423 U.S. 61, 62-63 (1975); Tollett v. Henderson, 411 U.S. 258, 267 (1973) (when defendant pleads guilty voluntarily, he waives challenges to deprivations of constitutional rights occurring prior to guilty plea).

Prior to accepting a guilty plea, a trial court, through colloquy with the defendant, must inform the defendant of, and determine that he understands, the nature of the charges to which the plea is offered, any mandatory minimum penalty, the maximum possible penalty he faces, and the various rights he is relinquishing by pleading guilty. Fed. R. Crim. P. 11(b). The court also must determine whether there is a factual basis for the plea. Id.; United States v. DeFusco, 949 F.2d 114, 120 (4th Cir. 1991). The purpose of the Rule 11 colloquy is to ensure that the plea of guilt is entered into knowingly and voluntarily. See United States v. Vonn, 535 U.S. 55, 58 (2002). Because Donaldson did not move in the district court to withdraw his guilty plea, any error in the Rule 11 hearing is reviewed for plain error. United States v. Martinez, 277 F.3d 517, 525 (4th Cir. 2002).

We have thoroughly reviewed the record and conclude that the district court conducted a complete Rule 11 colloquy and that Donaldson's plea of guilty was knowing and voluntary. Therefore, Donaldson waived any challenge to the district court's denial of his suppression motion.

Counsel next questions whether Donaldson should be allowed to withdraw his guilty plea and enter a plea of guilty to only one count. However, we have concluded that Donaldson's guilty plea was knowing and voluntary. Our review of the record further reveals that there is no basis upon which Donaldson can withdraw his plea of guilty to the charges.

We have examined the entire record in accordance with the requirements of <u>Anders</u> and have found no meritorious issues for appeal. Accordingly, we affirm the judgment of the district court and deny counsel's motion to withdraw. This court requires that counsel inform Donaldson, in writing, of the right to petition the Supreme Court of the United States for further review. If Donaldson requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Donaldson. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>

4