**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 09-8231**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

ROBERT ISADORE RICHARDSON,

Defendant - Appellant.

Appeal from the United States District Court for the Northern District of West Virginia, at Martinsburg.  John Preston Bailey, Chief District Judge.  (3:05-cr-00040-JPB-JES-1)

Submitted:  March 24, 2011               Decided:  April 8, 2011

Before DUNCAN and DAVIS, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed in part; dismissed in part by unpublished per curiam opinion.

Jacob A. Manning, DINSMORE & SHOHL, LLP, Wheeling, West Virginia, for Appellant.  Betsy C. Jividen, Acting United States Attorney, Thomas O. Mucklow, Assistant United States Attorney, Martinsburg, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Robert Richardson pled guilty, pursuant to a written plea agreement, to one count of distributing crack cocaine and was sentenced to a 210-month term of imprisonment. On appeal, Richardson's attorney has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), asserting that there are no meritorious grounds for appeal, but questioning whether the district court committed plain error in accepting Richardson's guilty plea. Richardson has filed a supplemental pro se brief in which he raises the following claims: (1) the district court erred by amending the indictment without presentment to a grand jury; (2) the district court abused its discretion by proceeding with the second indictment without resubmitting it to a grand jury; (3) counsel was ineffective for failing to file a motion to suppress; (4) counsel was ineffective for failing to appeal Richardson's designation as a career offender; and (5) the district court abused its discretion in refusing to apply a 1:1 ratio of crack to powder cocaine at sentencing. In its reply brief, the United States seeks to dismiss the appeal based on the appellate waiver provision in the plea agreement.

A defendant may, in a valid plea agreement, waive the right to appeal under 18 U.S.C. § 3742 (2006). United States v. Manigan, 592 F.3d 621, 627 (4th Cir. 2010). We review the validity of an appellate waiver de novo, and we will uphold a

2

waiver of appellate rights if the waiver is valid and the issue being appealed is covered by the waiver. United States v. Blick, 408 F.3d 162, 168 (4th Cir. 2005). An appellate waiver is valid if the defendant's agreement to the waiver was knowing and intelligent. Id. at 169. To determine whether a waiver is knowing and intelligent, we examine "the totality of the circumstances, including the experience and conduct of the accused, as well as the accused's educational background and familiarity with the terms of the plea agreement." United States v. General, 278 F.3d 389, 400 (4th Cir. 2002) (internal quotation marks and citation omitted). Generally, if a district court fully questions a defendant regarding the waiver of appellate rights during the Federal Rule of Criminal Procedure 11 colloquy, and the record indicates that the defendant understood the full significance of the waiver and was not denied effective assistance of counsel, the waiver is valid. United States v. Johnson, 410 F.3d 137, 151 (4th Cir. 2005).

A review of the Rule 11 hearing transcript confirms that Richardson knowingly and intelligently waived his right to appeal. In his plea agreement, Richardson explicitly waived the right to challenge his sentence on appeal, reserving only the right to appeal based upon grounds of ineffective assistance of counsel, prosecutorial misconduct, a sentence in excess of the statutory maximum, or a sentence based on an unconstitutional

factor. Richardson confirmed at his Rule 11 hearing that he read and understood the plea agreement. The district court conducted the colloquy required under Rule 11, ensuring that Richardson understood the charges and potential penalties and that Richardson was competent to enter the plea. We therefore conclude that Richardson knowingly and intelligently pled guilty and waived the right to appeal his sentence. Richardson's claim challenging the district court's failure to apply a 1:1 ratio at sentencing falls squarely within the scope of the waiver provision; accordingly, we dismiss the appeal as to Richardson's sentence.

The waiver provision did not, however, waive Richardson's right to appeal his conviction. The first two issues raised in Richardson's supplemental pro se brief challenge the validity of his conviction. However, Richardson waived these claims by pleading guilty. A voluntary guilty plea waives the right to challenge antecedent, nonjurisdictional errors not logically inconsistent with the establishment of guilt. See Menna v. New York, 423 U.S. 61, 62-63 (1975); Tollett v. Henderson, 411 U.S. 258, 267 (1973).

Richardson's third and fourth claims allege ineffective assistance of counsel. However, unless an attorney's ineffectiveness is conclusively apparent on the face of the record, ineffective assistance claims are not generally

4

addressed on direct appeal. United States v. Benton, 523 F.3d 424, 435 (4th Cir. 2008); United States v. Richardson, 195 F.3d 192, 198 (4th Cir. 1999) (providing standard and noting that ineffective assistance of counsel claims generally should be raised by motion under 28 U.S.C.A. § 2255). We find that counsel's ineffectiveness is not conclusively apparent on the face of this record.

In accordance with Anders, we have thoroughly examined the entire record for any potentially meritorious issues not covered by the waiver and have found none. Therefore we affirm Richardson's conviction and grant the Government's motion to dismiss in part as to Richardson's sentence. This court requires that counsel inform Richardson, in writing, of his right to petition the Supreme Court of the United States for further review. If Richardson requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Richardson. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED IN PART;
DISMISSED IN PART

5