**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 12-4036**
_____

UNITED STATES OF AMERICA

             Plaintiff - Appellee

v.

TRAVIS MELVIN ROBINSON

             Defendant - Appellant.

_____

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  William L. Osteen, Jr., District Judge.  (1:11-cr-00110-WO-1)

_____

Submitted:  July 27, 2012          Decided:  August 2, 2012

_____

Before SHEDD, DAVIS, and KEENAN, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

Ames C. Chamberlin, THE LAW OFFICES OF AMES CHAMBERLIN, Greensboro, North Carolina, for Appellant.  Graham Tod Green, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Travis Melvin Robinson appeals from his conviction and 180-month sentence entered pursuant to his guilty plea to possession of a weapon by a convicted felon. On appeal, counsel filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating that there were no meritorious issues for appeal, but questioning whether the district court erred by determining that Robinson was an Armed Career Criminal ("ACC"). Robinson filed a pro se supplemental brief, further challenging his ACC designation and also asserting that police improperly arrested him and failed to read him his Miranda rights. We affirm.

Pursuant to the Armed Career Criminal Act, a person convicted under 18 U.S.C. § 922(g)(1) (2006), who has sustained three or more prior convictions for violent felonies or serious drug offenses "shall be . . . imprisoned not less than fifteen years." 18 U.S.C. § 924(e)(1) (2006). A violent felony is any crime punishable by more than one year of imprisonment that "has as an element the use, attempted use, or threatened use of physical force against the person of another." 18 U.S.C. § 924(e)(2)(B)(i) (2006). On appeal, Robinson claims that two of his predicate convictions did not satisfy the requirements of the statute. Because Robinson did not challenge his ACC status in district court, we review it for plain error

2

only.  E.g., United States v. Lynn, 592 F.3d 572, 576-77 (4th Cir. 2010).  Given the information in the presentence report and the lack of any objection, we find no plain error in the district court's determination that Robinson was an ACC.

Regarding Robinson's challenges to his arrest procedure, a valid guilty plea waives all antecedent, nonjurisdictional defects "not logically inconsistent with the valid establishment of factual guilt and which do not stand in the way of conviction if factual guilt is established."  Menna v. New York, 423 U.S. 61, 62 n.2 (1975); see Tollett v. Henderson, 411 U.S. 258, 267 (1973) (holding that, when defendant pleads guilty voluntarily, he waives challenges to deprivations of constitutional rights occurring prior to guilty plea); United States v. Moussaoui, 591 F.3d 263, 279 (4th Cir. 2010) ("[T]he defendant who has pled guilty has no non-jurisdictional ground upon which to attack that judgment except the inadequacy of the plea or the government's power to bring any indictment at all.").  As such, we conclude that Robinson's challenges were waived by his guilty plea.

Pursuant to Anders, we have reviewed the entire record in this case for meritorious issues and have found none. Accordingly, we affirm Robinson's conviction and sentence.  This court requires that counsel inform Robinson in writing of his

right to petition the Supreme Court of the United States for further review.  If Robinson requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may motion this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Robinson.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED