**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 12-4229**

_____

UNITED STATES OF AMERICA,

            Plaintiff - Appellee,

      v.

TYRONE DWAYNE DENNIS,

            Defendant - Appellant.

_____

Appeal from the United States District Court for the District of
South Carolina, at Columbia.   Cameron McGowan Currie, District
Judge.  (3:11-cr-02067-CMC-1)

_____

Submitted:  September 20, 2012        Decided:  October 31, 2012

_____

Before WYNN and DIAZ, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

Andrew R. MacKenzie, BARRETT-MACKENZIE, LLC, Greenville, South
Carolina, for Appellant.   Julius Ness Richardson, Assistant
United States Attorney, Columbia, South Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Tyrone Dwayne Dennis appeals his 180-month sentence imposed following his guilty plea, pursuant to a written plea agreement, to one count of possession with intent to distribute crack cocaine, in violation of 21 U.S.C. § 841 (a)(1), (b)(1)(B) (2006), and one count of possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A) (2006). Counsel for Dennis filed a written brief in this court in accordance with Anders v. California, 386 U.S. 738 (1967), certifying that there are no non-frivolous issues for appeal, but questioning whether Dennis' trial counsel provided ineffective assistance by failing to object to the district court's acceptance of Dennis' guilty plea where there was an insufficient factual basis for the plea. Dennis has filed a pro se supplemental brief, raising several issues discussed below. The Government has elected not to file a brief. For the reasons that follow, we affirm the district court's judgment.

We first address the validity of Dennis' guilty plea. Rule 11 requires the district court to perform the following procedures prior to accepting a defendant's guilty plea: the court must conduct a colloquy in which it informs the defendant of the charges against him and determines that the defendant comprehends the nature of those charges, any mandatory minimum

penalty, the maximum possible penalty, and the rights he is relinquishing by pleading guilty; the court must ensure that defendant's plea is voluntary; and the court must ensure that there is a factual basis for defendant's guilty plea. Fed. R. Crim. P. 11 (b).

Because Dennis did not move to withdraw his guilty plea in the district court or raise any objections to the Rule 11 colloquy, the colloquy is reviewed for plain error. United States v. Martinez, 277 F.3d 517, 524-27 (4th Cir. 2002). To demonstrate plain error, a defendant must show that: (1) there was an error, (2) the error was plain, and (3) the error affected his "substantial rights." United States v. Olano, 507 U.S. 725, 732 (1993). To establish that a Rule 11 error has affected his substantial rights, the defendant "must show a reasonable probability that, but for the error, he would not have entered the plea." United States v. Dominguez Benitez, 542 U.S. 74, 84 (2004). A review of the record reveals that the district court properly ensured that Dennis' plea was knowing, voluntary, and supported by a sufficient factual basis. We therefore hold that the district court fully complied with Rule 11 in accepting Dennis' guilty plea.

We next address the reasonableness of Dennis' sentence. Applying an abuse of discretion standard, we first review for procedural reasonableness, and in the absence of

3

significant procedural errors, then review for substantive reasonableness. Gall v. United States, 552 U.S. 38, 51 (2007). We conclude the district court's sentence is both procedurally and substantively reasonable. Contrary to Dennis' contention, the district court did not err in enhancing Dennis' sentence based on two prior felony drug convictions. Accordingly, the district court reasonably imposed the mandatory minimum sentence in this case.

We next consider whether Dennis' trial counsel provided ineffective assistance. This claim is cognizable on direct appeal only if the record conclusively establishes ineffective assistance. United States v. Baldovinos, 434 F.3d 233, 239 (4th Cir. 2006). Because we find it does not, this claim is not yet ripe for review.

We now turn to whether an inculpatory statement Dennis made on April 22, 2011 was taken in violation of Miranda v. Arizona, 384 U.S. 436 (1966). When a defendant voluntarily enters a guilty plea, he waives his right to challenge antecedent nonjurisdictional error not logically inconsistent with the establishment of guilt. See Menna v. New York, 423 U.S. 61, 62-63 (1975); Tollet v. Henderson, 411 U.S. 258, 267 (1973). Because Dennis' guilty plea was knowing and voluntary, he has waived appellate review of this issue.

In accordance with <u>Anders</u>, we have reviewed the record in this case and have found no meritorious issues for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform Dennis, in writing, of the right to petition the Supreme Court of the United States for further review. If Dennis requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Dennis.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>