**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 12-4379**

_____

UNITED STATES OF AMERICA,

                    Plaintiff - Appellee,

          v.

MARCUS L. BROOKS,

                    Defendant - Appellant.

_____

Appeal from the United States District Court for the Northern
District of West Virginia, at Wheeling.  Frederick P. Stamp,
Jr., Senior District Judge.  (5:11-cr-00041-FPS-JES-1)

_____

Submitted:  November 20, 2012      Decided:  November 27, 2012

_____

Before MOTZ, KING, and SHEDD, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

Franklin  W.  Lash,  Wheeling,  West  Virginia,  for  Appellant.
William  J.  Ihlenfeld,  II,  United  States  Attorney,  Randolph  J.
Bernard,  John  C.  Parr,  Assistant  United  States  Attorneys,
Wheeling, West Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Following his guilty plea to being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2)(2006), the district court sentenced Marcus L. Brooks to 108 months' imprisonment and a three-year term of supervised release. This appeal timely followed.

In his brief, Brooks challenges the district court's rulings on his motion to suppress the firearm seized subsequent to his arrest and his motion alleging that the Government violated Jencks v. United States, 353 U.S. 657 (1957), by either failing to turn over impeachment evidence or tampering with that evidence. Brooks also appeals his sentence, arguing that his 1993 federal narcotics conviction, for which he was sentenced to seventy months' imprisonment, was improperly counted in determining his criminal history score. For the following reasons, we affirm.

In response to Brooks' arguments related to the pre-plea motions to suppress and for relief based on the alleged Jencks violation, the Government asserts that, by pleading guilty without entering a conditional guilty plea pursuant to Fed. R. Crim. P. 11(a)(2), Brooks waived his right to challenge the district court's rulings on these motions. We agree. A valid, counseled guilty plea waives all antecedent, nonjurisdictional defects "not logically inconsistent with the

2

valid establishment of factual guilt and which do not stand in the way of conviction if factual guilt is validly established." Menna v. New York, 423 U.S. 61, 62 n.2 (1975); see Tollett v. Henderson, 411 U.S. 258, 267 (1973); United States v. Moussaoui, 591 F.3d 263, 279 (4th Cir. 2010) ("[T]he defendant who has pled guilty has no non-jurisdictional ground upon which to attack that judgment except the inadequacy of the plea or the government's power to bring any indictment at all." (internal quotation marks and citation omitted)). It is clear that Brooks did not enter a conditional guilty plea; thus, he did not preserve the right to appeal the court's adverse rulings on these motions. And our review of the record confirms that Brooks' guilty plea was counseled, knowing, and voluntary. We accordingly conclude that Brooks' guilty plea forecloses appellate review of the pre-plea constitutional and evidentiary violations alleged in his brief.

We also reject Brooks' challenge to the district court's calculation of his criminal history score. We review a defendant's sentence for reasonableness, applying an abuse of discretion standard. Gall v. United States, 552 U.S. 38, 51 (2007); see also United States v. Horton, 693 F.3d 463, 472 (4th Cir. 2012). In reviewing the district court's application of the Sentencing Guidelines, we review findings of fact for clear error and questions of law de novo. Horton, 693 F.3d at 474.

A defendant receives three criminal history points for a prior sentence that exceeded one year and one month of imprisonment "that was imposed within fifteen years of the defendant's commencement of the instant offense." U.S. Sentencing Guidelines Manual ("USSG") § 4A1.2(e)(1) (2011); see USSG § 4A1.1(a). Also counted is any such sentence, "whenever imposed, that resulted in the defendant being incarcerated during any part of such fifteen-year period." USSG § 4A1.2(e)(1). The unrefuted presentence report establishes that, within the fifteen-year look-back period, Brooks was incarcerated pursuant to the seventy-month sentence imposed following his federal narcotics conviction. We thus discern no error in the district court's assignment of criminal history points to this sentence.

For these reasons, we affirm the criminal judgment. We deny Brooks' motion for leave to file a pro se supplemental brief. Because he is represented by court-appointed counsel who has filed a brief on the merits, not pursuant to Anders v. California, 386 U.S. 738 (1967), Brooks is not entitled to file a pro se supplemental brief. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED

4