**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 12-4978**

_____

UNITED STATES OF AMERICA,

                    Plaintiff - Appellee,

          v.

RAFAEL HERNANDEZ-RODRIGUEZ,

                    Defendant - Appellant.

_____

Appeal from the United States District Court for the Middle
District of North Carolina, at Greensboro.  William L. Osteen,
Jr., Chief District Judge.  (1:11-cr-00309-WO-5)

_____

Submitted:  September 24, 2013        Decided:  October 1, 2013

_____

Before NIEMEYER, KING, and FLOYD, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

Louis C. Allen III, Federal Public Defender, Gregory Davis,
Senior Litigator, Winston-Salem, North Carolina, for Appellant.
Randall Stuart Galyon, OFFICE OF THE UNITED STATES ATTORNEY,
Greensboro, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Rafael Hernandez-Rodriguez pled guilty, pursuant to a written plea agreement, to conspiracy to distribute five kilograms or more of cocaine, in violation of 21 U.S.C. § 846 (2006). The district court sentenced Hernandez-Rodriguez to 121 months' imprisonment, and he timely appeals.

Counsel for Hernandez-Rodriguez has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating that there are no meritorious issues for appeal but questioning (1) whether the district court erred in denying Hernandez-Rodriguez's motion to suppress evidence found in a traffic stop of his vehicle; and (2) whether Hernandez-Rodriguez's sentence is substantively reasonable. Hernandez-Rodriguez, informed of his right to file a pro se supplemental brief, has not done so. Finding no merit to either issue raised by counsel, we affirm.

In the first issue, Hernandez-Rodriguez seeks to challenge the constitutionality of a traffic stop of a vehicle driven by Hernandez-Rodriguez that resulted in the discovery of a quantity of cocaine. Hernandez-Rodriguez did not, however, enter a conditional guilty plea pursuant to Fed. R. Crim. P. 11(a)(2), by which he could have preserved this issue for appeal. A knowing and voluntary guilty plea forecloses all antecedent, nonjurisdictional defects "not logically inconsistent with the valid establishment of factual guilt and

2

which do not stand in the way of conviction if factual guilt is validly established." Menna v. New York, 423 U.S. 61, 62 n.2 (1975); see Tollett v. Henderson, 411 U.S. 258, 267 (1973); United States v. Moussaoui, 591 F.3d 263, 279 (4th Cir. 2010) ("[T]he defendant who has pled guilty has no non-jurisdictional ground upon which to attack that judgment except the inadequacy of the plea or the government's power to bring any indictment at all." (internal quotation marks omitted)). The legality of the traffic stop underlying this conviction and whether Hernandez-Rodriguez was "in custody" as that term is defined in Miranda v. Arizona, 384 U.S. 436 (1966), are just such antecedent, nonjurisdictional issues, and Hernandez-Rodriguez is therefore entitled to no relief on his first claim.

Counsel next challenges the substantive reasonableness of Hernandez-Rodriguez's sentence of 121 months' imprisonment, the bottom of the applicable Sentencing Guidelines range. We review the sentence for reasonableness "under a deferential abuse-of-discretion standard." Gall v. United States, 552 U.S. 38, 41 (2007). A sentence is procedurally reasonable if the court properly calculates the defendant's advisory Guidelines range, gives the parties an opportunity to argue for an appropriate sentence, considers the 18 U.S.C. § 3553(a) (2006) factors, does not rely on clearly erroneous facts, and sufficiently explains the selected sentence. Id. at 49–51. Our

3

review of the sentencing transcript pursuant to <u>Anders</u> convinces us that Hernandez-Rodriguez's sentence is procedurally reasonable.

As to substantive reasonableness, the 121-month sentence, at the bottom of Hernandez-Rodriguez's properly-calculated Guidelines range, is entitled to a presumption of reasonableness, <u>United States v. Strieper</u>, 666 F.3d 288, 295 (4th Cir. 2012), which Hernandez-Rodriguez has not rebutted. <u>See</u> <u>United States v. Montes-Pineda</u>, 445 F.3d 375, 379 (4th Cir. 2006) ("A defendant can only rebut the presumption by demonstrating that the sentence is unreasonable when measured against the [18 U.S.C.] § 3553(a) factors." (internal quotation marks and alteration omitted)). The district court therefore did not abuse its discretion and imposed a reasonable sentence.

In accordance with <u>Anders</u>, we have reviewed the remainder of the record in this case and have found no meritorious issues for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform Hernandez-Rodriguez, in writing, of the right to petition the Supreme Court of the United States for further review. If Hernandez-Rodriguez requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from

4

representation.  Counsel's motion must state that a copy thereof was served on Hernandez-Rodriguez.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED