**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-4752
_____

UNITED STATES OF AMERICA

v.

NICOLE FACCENDA,
Appellant
_____


On Appeal from the United States District Court
for the District of New Jersey
District Court No. 2-12-cr-00536-001
District Judge: The Honorable Faith S. Hochberg

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
March 16, 2015

Before: SMITH, JORDAN, and VAN ANTWERPEN, *Circuit Judges*

(Opinion Filed:  March 18, 2015)
_____

OPINION*
_____


SMITH, *Circuit Judge.*

* This disposition is not an opinion of the full court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Nicole Faccenda waived her right to the presentment of an indictment and pleaded guilty to a one-count information charging her with knowingly using and causing another to use a facility in interstate commerce, namely a cellular telephone, with the intent to commit murder-for-hire, in violation of 18 U.S.C. § 1958(a). The United States District Court for the District of New Jersey sentenced Faccenda to the statutory maximum of 120 months. This timely appeal followed.[1]

Faccenda's appellate counsel moved to withdraw pursuant to *Anders v. California*, 386 U.S. 738, 744 (1967), and filed an *Anders* brief. Counsel asserted that she was unable to present any nonfrivolous issue as a basis for disturbing the judgment of the District Court.[2] Faccenda's unconditional plea of guilty, counsel explained, limited the issues Faccenda may challenge on appeal to: whether she had a constitutional right not to be haled into court on the crime charged; the validity of her guilty plea; and the legality of the sentence. *See Menna v. New York*, 423 U.S. 61, 62 n.2 (1975) (per curiam); *United States v. Broce*, 488 U.S. 563, 569 (1989); 18 U.S.C. § 3742(a).

None of these three issues present a reason to set aside the District Court's judgment. The facts in this matter cannot support a double jeopardy challenge. A review of the guilty plea colloquy shows that the District Court conducted a careful and comprehensive colloquy, complying with the requirements of *Boykin v. Alabama*, 395

---

[1] The District Court had jurisdiction under 18 U.S.C. § 3231. We exercise appellate jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a).

[2] Counsel served a copy of the *Anders* brief and the Appendix upon Faccenda. Thereafter, the Clerk's Office notified Faccenda of her right under Local Rule 109.2(a) to file a pro se brief. Faccenda has not availed herself of that opportunity.

U.S. 238, 242-244 (1969), and Federal Rule of Criminal Procedure 11. The sentence is valid as well. Procedurally, the District Court complied with the three-step sentencing process set out in *United States v. Gunter*, 462 F.3d 237, 247 (3d Cir. 2006). Indeed, the transcript of the sentencing hearing confirms that the District Court listened to Faccenda's arguments and fully considered the factors set forth in 18 U.S.C. § 3553(a). Substantively, the sentence imposed does not exceed the statutory maximum and it is not unreasonable given the circumstances in this case and the District Court's explanation for imposing the 120-month sentence. *See United States v. Tomko*, 562 F.3d 558, 568 (3d Cir. 2009). Nor is there any basis for challenging the requirement of restitution inasmuch as it is mandatory under 18 U.S.C. §§ 3663A(a)(1) and (c)(1)(A)(i).

In sum, we agree with counsel's assessment of Faccenda's appeal. Our own independent review of the record fails to reveal any nonfrivolous issues for appeal. Accordingly, we will grant counsel's motion to withdraw and will affirm the judgment of the District Court. We certify that the issues presented in the appeal lack legal merit and thus do not require the filing of a petition for writ of certiorari with the Supreme Court. 3d Cir. LAR 109.2(b).