17-536-cr
United States v. Wade

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 5th day of March, two thousand nineteen.

PRESENT: ROBERT A. KATZMANN
            *Chief Judge*,
        ROBERT D. SACK,
        REENA RAGGI,
            *Circuit Judges*.

-----------------------------------------------------------------------

UNITED STATES OF AMERICA,

                                    *Appellee*,

            v.                                              No. 17-536-cr

WHETSEL WADE,

                                    *Defendant-Appellant*,

LARONE GRAHAM, AKA ABGOD GRAHAM, JAMEL THOMPSON, AKA MEL, BOY BOY, QURAN HOLLIS, KAREEM DAVIS, AKA TONY ELLIS, AKA K.I., KORY TURNER, WYNETTE BELL, AKA WYNETTE HAYNES, NAQUON ARMSTEAD, AKA N.A., SHARIF OWENS, SEAN HIGHTOWER, AKA HOP, MISHAEL BENYEHUDAH, DARRYL S. SINGLETON, AKA D, VENCENT HARRISTON, MICHAEL HARRISTON, EARL HARRISTON, CARL POLLARD, AKA BLUE, CHRISTHIAN GALARZA, JAMES GANT, AKA ROOSTER, DARNELL FOSKEY, AKA D, FRANK MOREA, AKA FAT FRANK

                                    *Defendants*.

---

FOR DEFENDANT-APPELLANT: CHRISTOPHER VOLPE (Kenneth Caruso, *on the brief*) White & Case LLP, New York, New York.

FOR APPELLEE: JONATHAN E. ALGOR, Assistant United States Attorney (David C. James, Assistant United States Attorney, *on the brief*), for Richard P. Donoghue, United States Attorney for the Eastern District of New York, Brooklyn, New York.

On appeal from the United States District Court for the Eastern District of New York (Seybert, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the appeal is dismissed in part, and the judgment of the district court is affirmed.

Defendant Whetsel Wade was convicted in 2009 in the United States District Court for the Eastern District of New York (Joanna Seybert, *J.*) of conspiring to commit Hobbs Act robbery and of brandishing a firearm during a crime of violence, *see* 18 U.S.C. §§ 924(c), 1951(a), for which crimes he was sentenced to a total prison term of 75 months, to be followed by 60 months' supervised release. Wade now appeals from a judgment of that same court, entered on February 15, 2017, which revoked his supervised release and sentenced him to an additional 36 months' incarceration based on Wade's commission of another crime while on supervision, specifically, promoting prostitution in violation of New York law. Wade argues that the district court's revocation decision, made after an evidentiary hearing, is infected by four errors: (1) reliance on inculpatory hearsay

2

statements from an anonymous minor, who reported that she engaged in prostitution at Wade's direction, which statements were admitted without the interest-of-justice determination required by Fed. R. Crim. P. 32.1(b)(2)(C); (2) reliance on uncorroborated allegations in Wade's state court indictment for promoting prostitution; (3) the denial of discovery pertaining to the anonymous hearsay declarant; and (4) the denial of a continuance pending the conclusion of Wade's state prosecution.

Subsequent to briefing and argument, the court learned that a judgment of conviction may have been entered against Wade for the promotion of prostitution that was the subject of his violation hearing. Accordingly, on December 14, 2018, the court entered an order directing the parties "to (1) advise whether a state judgment of conviction has now been entered against Wade for one or more of the prostitution crimes at issue in his revocation hearing and, if so, (2) [to] provide the Panel with a copy of that judgment." Order, ECF No. 95 (Dec. 14, 2018). The court further ordered that, if Wade had been so convicted, the parties brief the issue of whether such conviction "render[ed] Wade's challenges to revocation either harmless or moot." *Id.* The parties have now answered these questions, confirming Wade's state conviction and acknowledging that conviction to make it unnecessary for this court to address the merits of Wade's challenges on this appeal, with Wade relying on mootness and the government relying on harmless error to support that conclusion.

Specifically, on January 11, 2019, Wade's counsel provided this court with a New York State certificate of disposition indicating that on June 21, 2018, Wade was convicted, based on his own guilty plea, of second-degree promotion of prostitution in violation of

3

N.Y. Penal Law § 230.30(2), for which crime he was sentenced to a prison term of five-to-ten years. *See* Declaration of Christopher D. Volpe, ECF No. 96 (Jan. 11, 2019).[1] Granted a 30-day extension to address the effect of that conviction on Wade's appeal in this case, counsel advised this court by letter dated February 14, 2019, that after consulting with Wade and researching applicable law, counsel "believe that there are no non-frivolous arguments that Mr. Wade's appeal has not been rendered moot by his state court guilty plea." White & Case Letter at 1, ECF No. 101 (Feb. 14, 2019). Rephrased in the affirmative, defense counsel effectively concede that Wade's state prostitution conviction renders his arguments on this appeal moot.

In its simultaneously filed letter of February 14, the government submitted that even if Wade's state conviction does not render his appeal moot, it compels a conclusion that the errors of which he complains on this appeal are harmless beyond a reasonable doubt. *See* Gov't Letter at 5-9, ECF No. 102 (Feb. 14, 2019).

In sum, no party any longer asks this court to address the merits of Wade's appeal. The only question remaining is whether we dismiss the appeal as moot, or affirm the district court's judgment because, if any errors were committed in finding Wade to have violated supervision by committing the state crime of promoting prostitution, Wade's state conviction for that crime renders those errors harmless. We conclude that precedent

---

[1] It appears undisputed that this conviction pertains to the same prostitution operation at issue on this appeal.

4

warrants dismissal of the appeal in part, insofar as it rests on the moot argument, and affirmance of judgment.

An appeal is rendered moot "if an event occurs while a case is pending on appeal that makes it impossible for the court to grant any effectual relief whatever to a prevailing party." *Church of Scientology v. United States*, 506 U.S. 9, 12 (1992) (internal quotation marks omitted). To the extent Wade's state prosecution for promoting prostitution has now concluded, no further action by this court is required to grant him the relief sought in his fourth claim, *i.e.*, an extension of federal proceedings pending the outcome of the state case. That part of this appeal is moot and, therefore, dismissed.

As to Wade's other complaints, however—the district court's failure to make the interest-of-justice determination required by Fed. Rule Crim P. 32.1(b)(2)(C) before relying on the hearsay statements of an anonymous non-testifying minor, its failure to afford Wade discovery about that hearsay declarant, and its reliance on uncorroborated allegations in his state indictment—were we to identify merit in these claims, we could certainly grant Wade the relief of vacatur and remand for a new violation hearing. But as the parties recognize, on such remand, the district court would not have to make Rule 32.1(b)(2)(C) findings, or correct any of the other alleged errors because the government would not need to rely on a hearsay declarant or indictment allegations to demonstrate Wade's promotion of prostitution. It would simply offer the state judgment of conviction to prove his commission of that crime. Thus, Wade's state conviction does not make it impossible for this court to grant relief on this appeal. But it does compel us to conclude that, even if any errors informed the district court's initial determination that Wade violated

5

his supervision by promoting prostitution, those errors are harmless beyond a reasonable doubt in light of his conviction. *See generally United States v. Aspinall*, 389 F.3d 332, 346 (2d Cir. 2004) (holding failure to comply with interest-of-justice requirement of Rule 32.1(b)(1)(C) subject to harmless-error review), *abrogated on other grounds by United States v. Booker*, 543 U.S. 220 (2005); *United States v. Morrison*, 153 F.3d 34, 55 (2d Cir. 1998) (holding that jury's guilty verdict rendered harmless any evidentiary error in procurement of indictment). A criminal conviction, after all, represents a guilt determination beyond a reasonable doubt, a higher standard of proof than the government must satisfy to establish a violation of supervised release. *See United States v. Carthen*, 681 F.3d 94, 99–100 (2d Cir. 2012); 18 U.S.C. § 3583(e)(3) (requiring violation to be demonstrated by preponderance of evidence); *see also Menna v. New York*, 423 U.S. 61, 62 n.2 (1975) (observing that counseled guilty plea is "admission of factual guilt so reliable that, where voluntary and intelligent, it quite validly removes the issue of factual guilt from the case").

Accordingly, in light of Wade's state conviction for promoting prostitution, we hereby DISMISS his appeal in part as moot and otherwise AFFIRM the district court's judgment.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court

6